CITY OF KALISPELL, APPELLANT, *v.* SCHOOL DISTRICT No. 5, RESPONDENT.

(No. 3,113.)

(Submitted March 8, 1912. Decided March 15, 1912.)

[122 Pac. 742.]

*Cities and Towns—Special Improvements—Assessment—Validity—Public School Property—Statutes—Construction.*

Cities and Towns—Special Assessments—Not Taxes.
  1. Assessments for special municipal improvements, such as the construction of sewers or the building of sidewalks, are not taxes; hence constitutional and statutory provisions exempting property from taxation have no application to such assessments.

Same—Public School Property—Special Assessments.
  2. *Held,* that property of a school district, devoted exclusively to public school purposes, is, in the absence of express constitutional or statutory exemption, liable for the payment of assessments made for special municipal improvements.

Same—Statutes—Construction.
  3. *Held,* further, that the words "public places," found in the provision of section 3396, Revised Codes, that each lot or parcel of land in a special improvement district shall be assessed for that part of the whole cost which its area bears to the entire district, "exclusive of streets, alleys and public places," mean public places such as alleys and streets, and not property belonging to a school district and devoted exclusively to public school purposes.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

ACTION by the City of Kalispell against School District No. 5 of Flathead county. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with directions.

Cause submitted on briefs of counsel.

*Mr. D. F. Smith,* for Appellant.

An exemption from taxation in favor of school property does not extend to a special assessment for the payment of local improvements specially benefiting such property. (*In re Harding Street Sewer,* 31 Pittsb. L. J., n. s., 147; *In re Howard Ave., North,* 44 Wash. 62, 120 Am. St. Rep. 973, 12 Ann. Cas. 417, 86 Pac. 1117.) The same rule is applicable to schools existing under special charters which grant general exemption. (*Boston Asylum* v. *Street Commrs.,* 180 Mass. 485, 62 N. E. 961.) And an educational institution is held subject to assessments for local improvements, in *Board of Improvement* v. *Sisters of Mercy,* 86 Ark. 109, 15 Ann. Cas. 347, 109 S. W. 1165, notwithstanding the broad provision in its charter exempting its property "from all taxation, state, county, municipal and special." Incorporated educational institutions, although under a state Constitution entitled to exemption from general taxes, are, nevertheless, subject to assessments for local improvements benefiting their property. (*State* v. *Macalester College,* 87 Minn. 165, 91 N. W. 484.) The real property of a college for orphan boys, although exempted from annual taxation, is subject to municipal assessments for street improvements. (*Philadelphia* v. *Girard,* 23 Pa. Co. Ct. 671.) The Louisiana court, in *United R. & Trading Co.* v. *Meyers,* 112 La. 897, 36 South. 797, holds that an exemption from parochial and municipal taxation, granted to certain paper-mills, does not exempt them from taxes levied for a local public good in the nature of a levee tax. Real property purchased partly with pension money is not exempt from assessments levied for local improvements beneficial to such property because of its exemption from general taxation. (*Tucker* v. *Utica,* 35 App. Div. 173, 54 N. Y. Supp. 855.) Nor is property purchased wholly with pension money exempt from a municipal assessment imposed for such benefits. (*In re Floyd,* 24 Misc. Rep. 359, 53 N. Y. Supp. 709.) A statute exempting agricultural societies from taxation for state, county, city or

other municipal purposes cannot be construed to relieve such society from the burden of special assessments for purposes of park and boulevard maintenance. (*Kansas City Exposition Driving Park* v. *Kansas City*, 174 Mo. 425, 74 S. W. 979.) A statute exempting from taxation lands within a city's boundaries does not relieve such lands from assessments for local improvements. (*Allen* v. *Davenport*, 107 Iowa, 90, 77 N. W. 532.) The property of a cemetery association, although exempt by statute from general taxation, is liable for a municipal assessment for the cost of laying water-pipes in an abutting street. (*Philadelphia* v. *Union Burial Ground Soc.*, 178 Pa. 535, 36 L. R. A. 263, 36 Atl. 172.) Water rates annually assessed by a city against cemetery property are not public assessments within the meaning of a legislative Act exempting cemeteries from "public taxes, rates and assessments," but are assessments for local improvements from which a cemetery association is not exempt. (*Batterman* v. *New York*, 65 App. Div. 576, 73 N. Y. Supp. 44.) The property of a county, although used solely for public purposes and exempt from taxation by statute, is not exempt from special assessment for street improvements. (*Edwards & W. Constr. Co.* v. *Jasper County*, 117 Iowa, 365, 94 Am. St. Rep. 301, 90 N. W. 1006.) The property of charitable institutions, although exempt from general taxation, is liable to special assessment for the payment of the cost of local improvements. (*Washburn Memorial Orphan Asylum* v. *State*, 73 Minn. 343, 76 N. W. 204.) *New Orleans* v. *Warner*, 175 U. S. 120, 44 L. Ed. 96, 20 Sup. Ct. Rep. 44, following the rule laid down by the Louisiana courts, holds that public property is subject to assessment for public improvements. But the school property, except that specifically granted by the Constitution for the use of schools, is not exempt from special assessments, even though occupied and used for school purposes. (*Chicago, Use of Schools* v. *Chicago*, 207 Ill. 37, 69 N. E. 580; see, also, *Board of Education* v. *People*, 219 Ill. 83, 76 N. E. 75.)

The following citations deal more particularly with the liability of public property for assessments for special improve-

ments, even though exempted from taxation: *New Orleans* v. *Warner,* 175 U. S. 120, 44 L. Ed. 96, 20 Sup. Ct. Rep. 44; *Adams County* v. *Quincy,* 130 Ill. 566, 6. L. R. A. 155, 22 N. E. 624; *Franklin County* v. *Ottawa,* 49 Kan. 747, 33 Am. St. Rep. 396, 31 Pac. 788; *Marquez* v. *New Orleans,* 13 La. Ann. 319; *Hassan* v. *Rochester,* 67 N. Y. 528; *Roosevelt Hospital* v. *New York,* 84 N. Y. 108; *Smith* v. *Buffalo,* 90 Hun, 118, 35 N. Y. Supp. 635, affirmed, 159 N. Y. 427, 54 N. E. 62.

*Mr. X. K. Stout,* for Respondent.

Public property generally is presumptively exempt from both general taxation and assessments for special improvements: (*Robb* v. *Philadelphia,* 25 Pa. Supr. Ct. 343; *St. Louis* v. *Brown,* 155 Mo. 545, 56 S. W. 298; *In re West End Ave. Sewer,* 30 Pittsb. L. J., n. s., 63; *City of Big Rapids* v. *Board Supervisors,* 99 Mich. 351, 58 N. W. 358; *Worcester* v. *Worcester,* 116 Mass. 193; *City of Hartford* v. *West Middle Dist.,* 45 Conn. 462, 29 Am. Rep. 687; *Polk County Bank* v. *Iowa,* 69 Iowa, 24, 28 N. W. 416; *Oakland Cemetery Assn.* v. *City of St. Paul,* 36 Minn. 529, 32 N. W. 781.) Lands owned and occupied for the purposes of the crown are not subject to the payment of an assessment apportioned against the said lands for expenses incurred in sewering, leveling and paving streets abutting thereon. (*Hornsey Urban Dist. Council* v. *Hennell* (1902), 2 K. B. 73.) Public schools, because public property, are presumptively exempt from the operation of general tax laws, and the same theory extends the presumption to the exemption of school property from local assessment. (*Pittsburg* v. *Sterrett Subdist. School,* 204 Pa. 635, 61 L. R. A. 183, 54 Atl. 463; *Witter* v. *Mission School Dist.,* 121 Cal. 350, 66 Am. St. Rep. 33, 53 Pac. 905; *City Street Imp. Co.* v. *Regents of University,* 153 Cal. 776, 18 L. R. A., n. s., 451, 96 Pac. 801; *Sutton* v. *Montpelier,* 28 Ind. App. 315, 62 N. E. 710; *Erie City* v. *Erie City School Dist.,* 23 Pac. Co. Ct. 428; *Skelly* v. *Westminster School Dist.* 103 Cal. 652, 37 Pac. 643; *Sutton* v. *School City,* 28 Ind. App. 315, 62 N. E. 710; *Louisville* v. *Leatherman,* 99 Ky. 213, 35 S. W. 625;

*Von Steen* v. *Beatrice,* 36 Neb. 421, 54 N. W. 677; *Toledo* v. *Board of Education,* 48 Ohio St. 86, 2 N. E. 403.)

Whenever the taxing power seeks to impose a tax upon public property, it must be able to point to legislative or constitutional authority. (*Worcester* v. *Worcester,* 116 Mass. 193, 17 Am. Rep. 159; *City of Hartford* v. *Middle West Dist.,* 45 Conn. 462, 29 Am. Rep. 687.)

Here no such showing is or can be made, but, on the other hand, an examination of our statutes points clearly to the exemption of public property, and leads to the conclusion that the framers of our laws never intended that school district property, used exclusively for school purposes, should be liable for special assessments any more than the same should be liable for general taxation.

The principle underlying special assessments is that the improvement enhances the value of the property. That while persons are forced to pay for them, they are to suffer no pecuniary loss thereby because of the increase in the value of the property. (Cooley on Taxation, 3d ed., 1154; *Butte* v. *School Dist.,* 29 Mont. 336, 74 Pac. 869; *Power* v. *City of Helena,* 43 Mont. 336, 116 Pac. 415.) But enhancing the value of property for commercial purposes does not necessarily enhance the same for school purposes. (*City of Hartford* v. *Middle West Dist., supra.*)

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, also submitted a brief in behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Some time prior to the commencement of this action, the city council of Kalispell, by ordinances duly passed and approved, created three special improvement districts, the first for constructing sewers, and the other two for building sidewalks. These districts included property belonging to and used by School

District No. 5 of Flathead county for public school purposes exclusively. The school district resisted the efforts of the city to collect any portion of the expense incurred for the improvements, and this action resulted. The cause was tried upon an agreed statement of facts. The district court found in favor of the school district and rendered judgment, from which the city appealed. There is but a single question presented, *viz.:* Is the property of the school district which is used exclusively for public school purposes exempt from paying assessments for special improvements?

Under constitutional and statutory provisions similar to our own, like questions have been before the courts for many years, and it seems somewhat strange that at this late day the statutes should be found in the same chaotic condition as they were thirty years ago, when the extreme difficulty of properly solving the question propounded above was first called to public attention. These special assessments, though a species of taxation, [1] are not taxes; and it is held uniformly that constitutional and statutory provisions exempting property from taxation have no application to special assessments for improvements which, presumptively, add to the value of the property involved an amount equal to the assessment levied. However, the courts are about evenly divided numerically upon the question whether property devoted exclusively to public use is liable for these special assessments. Many respectable authorities hold such property exempt. Any attempt to explain or reconcile the conflicting decisions is useless. The leading cases most frequently cited in support of the exemption are: *Board of Improvement* v. *Little Rock School Dist.,* 56 Ark. 354, 35 Am. St. Rep. 108, 16 L. R. A. 418, 19 S. W. 969; *Pittsburg* v. *Sterrett Subdistrict School,* 204 Pa. 635, 61 L. R. A. 183, 54 Atl. 463; *Worcester Co.* v. *Worcester,* 116 Mass. 193, 17 Am. Rep. 159; *Atlanta* v. *First Presbyterian Church,* 86 Ga. 730, 12 L. R. A. 852, 13 S. E. 252; *City of St. Louis* v. *Brown,* 155 Mo. 545, 56 S. W. 298; *Big Rapids* v. *Supervisors,* 99 Mich. 351, 58 N. W. 358; *City of Toledo* v. *Board of Education,* 48 Ohio St. 83, 26 N. E. 403;

*Witter* v. *Mission School District*, 121 Cal. 350, 66 Am. St. Rep. 33, 53 Pac. 905. Neither the California nor Ohio court gives any reason for its conclusion. The decision from Arkansas was rendered by a divided court, the Chief Justice delivering a forceful dissenting opinion. The Georgia case is not directly in point. The other courts above proceed generally upon the theory that property devoted to public use is presumptively exempt from any sort of tax or assessment; that, though the state may consent to have such property charged, it does not do so, unless, by express legislative authority or by clear implication, it has manifested such intention; that there is an implied exemption in favor of such property; that even a statute in general terms, such as our own section 3396, Revised Codes, which apparently charges all property within the improvement district with its ratable proportion of the expense of the betterment, does not apply to property devoted to public use, particularly so in cases where the legislature has provided that the assessment becomes a lien upon the property affected. But these courts have encountered difficulty in suggesting any valid reason for the conclusion reached. The supreme court of Georgia, in *Atlanta* v. *First Presbyterian Church*, above, apparently appreciating this difficulty, has with perfect frankness explained its position—which we think is fairly characteristic of the other courts named —as follows: "That the public property of the United States, the state, the county, or the city was intended to be dealt with thus is so improbable that we can have no hesitation in holding that an implied exception as to all public property can and should be ingrafted upon the Act by construction." Even these courts which thus imply an exception in favor of property devoted strictly to public use hold that property, such as churches, hospitals, cemeteries, and the like, though exempt from taxation, are nevertheless subject to special assessments for improvements.

Some of the leading cases holding that property devoted [2] exclusively to public use is liable for special assessments are: *Franklin Co.* v. *Ottawa*, 49 Kan. 747, 33 Am. St. Rep. 396, 31 Pac. 788; *Adams Co.* v. *Quincy*, 130 Ill. 566, 6 L. R. A. 155, 22

N. E. 624; *Edwards* v. *Jasper Co.*, 117 Iowa, 365, 94 Am. St.
Rep. 301, 90 N. W. 1006; *In re Howard Avenue*, 44 Wash. 62,
120 Am. St. Rep. 973, 12 Ann. Cas. 417, 86 Pac. 1117; *Hassan*
v. *Rochester*, 67 N. Y. 528; *Board of Education* v. *People*, 219
Ill. 83, 76 N. E. 75; *Roosevelt Hospital* v. *New York*, 84 N. Y.
108; *New Orleans* v. *Warner*, 175 U. S. 120, 44 L. Ed. 96, 20
Sup. Ct. Rep. 44.    These courts proceed upon the theory that
liability for taxes, of whatever character, is the rule, and ex-
emption the exception, and therefore the general language of a
statute, such as our own, includes all property, public as well
as private, and that the burden is upon the party claiming an
exemption to show an exception in his favor written in the law
in express terms, or clearly implied from the language employed;
that these improvements are specially beneficial to the property
(in this instance to the property of School District No. 5); that
this benefit inures to all the property owners in the school dis-
trict; and that the school district should pay for the benefit,
and not impose the burden upon the few other property owners
who happen to be within these particular improvement districts.
In Cooley on Taxation, second edition, 653, the author says:
"Even public property is often subjected to these special assess-
ments; there being no more reason to excuse the public from
payment for such benefits than there would be to excuse from
paying when property is taken under eminent domain."    With
the theory announced by the courts last mentioned, and with
the conclusion of the author just quoted, we agree.    If there
is an implied exemption from taxation, strictly speaking, in
favor of public property, in the absence of constitutional or
statutory declaration upon the subject, then the provisions of
section 2, Article XII, of our Constitution, and section 2499
of the Revised Codes, so far as that section relates to public
property, are meaningless and their enactment a work of su-
pererogation; but such is not the case.    It was not the intention
of the framers of our Constitution to write into our fundamental
law any useless or meaningless phrases; and the very fact that
they declared an exemption from taxation in favor of public

property is, to say the least, a recognition of the principle that without such express exemption that property would. be subject to taxation, along with the property of the private individuals, corporations, and others.   If, then, there was necessity for making an express exemption in favor of public property from taxation, strictly speaking, for the stronger reason is it necessary that there should be an express exemption if such property is to be freed from paying for improvements to such property.

It is insisted that the authority of the trustees of the school district is limited; that the law does not authorize the expenditure of the school moneys for such purposes, except upon a vote of the qualified electors; but with this we do not agree.   There are many expressions to be found in the school law, notably in section 881, Revised Codes, giving the school board ample authority to meet an expense of this character.   Furthermore, section 1482, Revised Codes, gives to the state board of health supervision over the sanitation of school property, and section 1483 gives the same board power to condemn school property, if found in such unsanitary condition as to endanger the health of those who may frequent the same.   If, then, the state board of health should find that in a thickly settled community like Kalispell, the school buildings are not provided with toilets connected with sewers, but that the several hundred school children are compelled to use vault outhouses, thereby endangering the health of the entire community, and should order the school board to provide sanitary means by installing proper toilets and connecting the same with public sewers, or with a private sewer system, the authority of the board of health to enforce such regulation could not be questioned; and ample authority is to be found under which the school board could provide the necessary funds to meet such expenses.

The mere fact that the statute under which these special assessments are made provides that the assessment shall be a lien upon the property is not a valid objection to the assessment. The state may, if it so elects, permit a lien to be imposed upon

property devoted exclusively to public use; but the validity of the assessment does not depend upon the means by which the payment is to be enforced, and if the assessment is valid, and the proceeding by foreclosure of the lien is not available, because of the character of the property, the right will not fail because of failure of a specific remedy, but the courts will invoke any appropriate remedy to meet the exigencies of the particular case.

Our statute authorizing these special assessments provides in general terms that they shall be paid by the entire improvement district; each lot or parcel of land within the district to be assessed for that part of the whole cost which its area bears to the area of the entire improvement district, exclusive of streets, alleys, and public places. (Sec. 3396, above.) This language is general. It includes all the property within the improvement district; and we are not at liberty to ingraft upon the statute exceptions which are not there. But it is suggested that the concluding clause in section 3396, "exclusive [3] of streets, alleys and public places," is broad enough to include property devoted exclusively to public use, such as school property. But that construction violates the elementary rules of statutory construction; and certainly, if the legislature intended to exempt property devoted to public purposes, it could have found apt terms by which to express its meaning. The rule exemplified by the expression "*ejusdem generis*" requires that the words "public places" be read to mean public places, such as streets or alleys. After all, the question before us is largely one of public policy.

We hold that these improvements are specially beneficial to the school property—in fact, considering the surrounding circumstances, they might well be held to be absolute necessities; that good faith, fair dealing, and justice require that the school district should pay for the benefits which its property receives, and not impose its burdens upon the other property owners who happen to be within these particular improvement districts.

The judgment is reversed, and the cause is remanded, with directions to the district court to enter judgment in favor of plaintiff.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Chief Justice Smith concur.