CITY OF IDABEL ex rel. L. W. WOOD-ROOF, Plaintiff in Error,

v.

SCHOOL DISTRICT NO. FIVE (5) OF McCURTAIN COUNTY, Oklahoma et al., Defendants in Error.

No. 40965.

Supreme Court of Oklahoma.

Oct. 3, 1967.

Ed R. LeForce, Idabel, for plaintiff in error.

Tom Finney, Idabel, for defendants in error.

## PER CURIAM:

Plaintiff brought this action to recover delinquent installments which had accrued from defaulted sewer improvement district bonds and for other relief. The trial court sustained demurrers to the evidence interposed by separate defendants and plaintiff has appealed from this judgment.

No questions are presented as to legality of creation of the improvement district, assessment proceedings or legality of bonds involved. There being no controversy over the facts, extended summation of the pleadings and evidence is unnecessary. In 1954 the Board of Education, herein called the "Board", purchased approximately a square block of vacant, unimproved land located outside the city limits. The land was purchased as a prospective school site in event of future need. In 1960 the city, by appropriate legal action, created a Sewer Improvement District, and issued the usual bonds to defray necessary costs of the improvement. The sewer district included the vacant land of the defendant school district, although the Board did not sign the organizational petition. In 1962, the Board bought additional land, which was combined with the original acquisition by vacating a city street, and commenced construction of a new school. At all times prior to beginning construction, the Board's property within the sewer district was vacant, unimproved and unused land.

Plaintiff was owner of twelve (12) of the sewer improvement bonds, which had been presented for payment but as to which the defendant school district had refused either to make payment or make a legal levy to pay the indebtedness. The basis of the defendants' refusal was an Attorney General's opinion, dated April 17, 1961. The Board was advised that a school district neither could be compelled to participate in a sewer improvement district, nor legally expend school district funds "in payment of taxes" upon the improvement bonds.

Plaintiff's appeal is based upon the single issue: Whether vacant, unused, unimproved school district lands situated within an improvement district are liable for assessment for a proportionate part of the improvement costs? A two-fold argument urges liability of public lands for special improvements; and, that vacant and unimproved lands not devoted to public use are subject to the lien of special assessments for local improvements.

To support the trial court's judgment defendants assert the controlling direction of Constitution, Art. X § 6, exempting all property used exclusively for schools from taxation; and section 7 providing for legislative authorization to be extended for counties and municipalities to levy assessments for local improvements, but without specific grant of such authority in the present case. Defendants also contend that although under 11 O.S.1961, § 274, a city owned lot within a sewer district is made liable for a proportionate share of the costs, failure to include a provision for liability of school districts constitutes an implied exemption of school district property.

Related questions had been determined by earlier decisions. See City of Drumright v. McCormick, 118 Okl. 140, 247 P. 25; Blythe v. City of Tulsa, 172 Okl. 586, 46 P.2d 310, and Wilson v. City of Hollis, 193 Okl. 241, 142 P.2d 633, 150 A.L.R. 1385. However, defendants urge that each case is distinguishable in that: (1) McCormick involved sewer warrants against property owned by the city, as to which liability attaches under section 274, supra; (2) in Blythe the issue involved special assessment warrants issued in paving district improvements against property acquired by the city but never used for public purposes; (3) in Wilson the action was to recover for warrants issued under paving assessments against property of the Board of Education. By reason of the asserted factual differences defendants insist that none of these cases can be considered in point, and urge that while all property is liable for street improvements, only the property of a city is liable for sewer improvements. This argument provides the basis for defendants' conclusion that, in view of our constitutional and statutory provisions, this Court should hold defendants' property free from assessment for its proportionate share of sewer improvement district costs, upon authority of expressions by other jurisdictions.

We are of the opinion this conclusion is unsound, and that the judgment must be reversed. Initially we note that, by statute and precedent, the law is settled that neither constitutional nor statutory provision exempting property from taxation serves to exempt property from the levy of special assessments for local improvements. Blythe v. City of Tulsa, supra; Wilson v. City of Hollis, supra. In the latter decision the law of the case stated in syllabus 4, explicitly declares the obligation created by law to pay special improvement assessments is not limited by the provisions of Constitution, Art. X § 9, as amended, or by section 26. The basis of this rule lies in the distinction between a general tax and a special improvement assessment. A general tax is levied for the general public

good without regard to possible benefits which may be conferred upon the property or the individual taxed. Special assessments are levied against particular property to enforce payment for a benefit created upon the property of a value corresponding and equal to the amount of the special assessment. See Cooley, Taxation (2nd Ed.) at 650 et seq.; 48 Am.Jur., Special or Local Assessments §§ 3, 21; Oklahoma Ry. Co. v. Severns Pav. Co., 67 Okl. 206, 170 P. 216, 10 A.L.R. 157.

Defendants argue that, although liability attaches to a school district for street improvement assessments, and to a city for sewer improvement assessments as to city owned property within such district, the statute, section 274, makes no mention of assessment of defendants' property for sewer improvements. Upon this hypothesis defendants urge adoption of the rule in the Minnesota and Missouri cases, and inferentially suggest that absence of language in the statute constitutes an implied exemption from assessment. This position is derived from the Attorney General opinion, and the cases therein cited as authority for the expressed conclusion. See Normandy Consol. School Dist. v. Wellston Sewer Dist., (Mo. App.) 77 S.W.2d 477; Independent School Dist., etc. v. City of White Bear Lake, 208 Minn. 29, 292 N.W. 777.

Neither this argument nor the above cited cases are persuasive. Both decisions are from courts which apply the rule that legislative authorization for assessment of school property for special improvements must be explicit, and failure to provide specific authorization is deemed a withholding of the power to assess. The rule in this jurisdiction is that property never is exempt from taxation except by special and definite provision of law. Wenner v. Mothersead, 129 Okl. 273, 264 P. 816; Home-Stake Production Co. v. Board of Equal., etc., Okl., 416 P.2d 917.

Defendants' conclusion that because section 274, supra, provides a city's liability for such special assessments without mention of school districts is unsound. Section

274 specifies the costs of district sewers "shall be assessed and collected as hereinafter provided; * * *." Following section 278, in providing for assessments for costs, specifies that upon total costs of the project being ascertained the engineer " * * * shall apportion the same against all the lots or pieces of ground in such district in proportion to the area of the whole district, * * *." And if not paid the governing body " * * * shall cause special assessment bonds to be issued against such lots and pieces of ground in said district, * * *." Then section 279 declares that the special assessments and each installment with interest and penalty " * * are hereby declared to be a lien against the lots and tracts of land * * *."

Thus it may be observed that in enactment of these statutes the Legislature made no definite or special exemption in favor of school districts. Despite the fact that such a provision could have been included in any or all of these statutes by means of the simplest language, no effort was made to provide any exemption. The general terms of the statutes mentioned require special assessments against each lot or tract within the entire district.

A substantial analysis and discussion bearing upon liability of property devoted to public use for assessments for special improvements is found in City of Kalispell v. School Dist. No. 5, etc., 45 Mont. 221, 122 P. 742, 744. That court cited authority from other courts in support of the conclusion that property devoted to public use may be liable for special assessments, and quoted Cooley on Taxation (2nd Ed.) 653, as follows:

" 'Even public property is often subjected to these special assessments; there being no more reason to excuse the public from payment for such benefits than there would be to excuse from paying when property is taken under eminent domain.' With the theory announced by the courts last mentioned, and with the conclusion of the author just quoted, we agree. * * *"

The foregoing provided the foundation for the Montana court's holding:

"We hold that these improvements are specially beneficial to the school property—in fact, considering the surrounding circumstances, they might well be held to be absolute necessities; that good faith, fair dealing, and justice require that the school district should pay for the benefits which its property receives, and not impose its burdens upon the other property owners who happen to be within these particular improvement districts."

We are impressed by the reasoning and the result in that case, and consider same most persuasive.

The property involved was purchased in 1954 in view of possible future need, and remained unused and unimproved for approximately 8 years. Some courts hold that school district property not actually and exclusively used for public purposes is subject to assessment for special improvements. City Street Improvement Co. v. Regents of University of California, 153 Cal. 776, 96 P. 801, 18 L.R.A.,N.S., 451; Auditor General v. McKinnon Bailer & Mach. Corp., 199 Mich. 489, 165 N.W. 771. However, in view of our conclusion that our statutes provide no basis for exemption of school district property from special improvement assessments, we do not consider the claim that the property involved was intended to be used for school purposes germane.

We necessarily conclude the defendants' property lying within the sewer improvement district is liable for the special assessments required to bear the proportionate share of costs of the improvements. Plaintiff is entitled to judgment against defendants for the principal of each delinquent installment until paid, with interest at the rate of 12% provided by statute. The judgment rendered shall be enforced in accordance with the methods provided by law for payment of judgments against school districts. Constitution, Art. X § 28; 62 O.S.1961, §§ 431–435, inclusive.

The judgment is reversed and the cause remanded to the trial court with directions

to set aside the judgment appealed from and enter judgment in accordance with the views expressed.

All Justices concur.

The Court acknowledges the services of Tal Oden, who with the aid and counsel of W. J. Ivester and Ryan Kerr, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to BERRY, J. for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.