No. 14559

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

———————————

THE COUNTY OF CHOUTEAU, STATE OF MONTANA,
and the STATE OF MONTANA ex rel. GEORGE W.
HARVEY,

        Plaintiffs and Appellants,

   -vs-

THE CITY OF FORT BENTON, MONTANA, a
municipal corporation,

        Defendant and Respondent.

———————————

Appeal from:  District Court of the Eighth Judicial District,
           Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellants:

        A. Evon Anderson argued, Fort Benton, Montana

    For Respondent:

        Schmidt, Gilbert & Jungers, Fort Benton, Montana
        Grover C. Schmidt, Jr. argued, Fort Benton, Montana

———————————

                Submitted:  March 16, 1979

                  Decided: MAR 2 1979

Filed MAR 2 1979

_Thomas J. Kearney_
                Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiffs appeal from an order of the District Court of Chouteau County quashing a temporary restraining order and denying a permanent injunction.

On July 18, 1977, the city council of Fort Benton, Montana, passed a resolution of intent to create an extended Special Water Line District. The purpose of the District was to install water lines along the streets included within its boundaries and to connect those lines to the existing city water system. Pursuant to that resolution, on September 19, 1977, the city council created the proposed Special Improvement District, set forth the method of assessing costs and the manner of payment, and instructed the city clerk to publish notice inviting bids on the project. In pertinent part, the resolution reads:

> " . . . the entire cost and expense of said improvements shall be paid by the owners of the property within said Special Water Line District . . .each lot or parcel of land within said district to be assessed for that part of the cost to be paid by said district which its area bears to the total area of said special improvement water line district <u>exclusive of streets, avenues, alleys and public places.</u>" (Emphasis supplied.)

Included in the area within the District's boundaries are the Chouteau County Fairgrounds and the property of George Harvey. As plaintiffs in this action, Harvey and the County sought, and the District Court issued, an order temporarily restraining the City from taking further action on the Special Improvement District. Defendant City was also ordered to show cause why a permanent injunction should not be issued. Subsequently, defendant filed a motion to quash the temporary restraining order and the order to show cause and later moved to dismiss the complaint.

The action was submitted on briefs and pursuant to its conclusions of law, the District Court concluded:

> "The method of assessment adopted by the City
> Council . . . to pay for the improvements con-
> forms to the requirements of Section 11-2214(a),
> R.C.M. 1947 as amended and the terminology therein
> 'exclusive of streets, avenues, alleys and public
> places' satisfies the statutory requirement of
> describing the method of assessment adopted by
> the City Council."

The temporary restraining order and the order to show cause were quashed and vacated and the complaint seeking an injunction was dismissed.

From that judgment plaintiffs appeal and raise two issues for our consideration:

(1) Whether the Chouteau County Fairgrounds, as property of the County, is properly includable in the Special Improvement District.

(2) Whether assessment of all the area within the Special Improvement District on a proportionate basis is proper.

Because the city council made a finding in its July 19 resolution that "all real estate situated in said district will be especially benefitted and affected by such improvements" the District became an extended Special Improvement District under section 11-2205, R.C.M. 1947, now section 7-12-4109 MCA. As such, the property within the District is assessable as provided in section 11-2214(1)(a), R.C.M. 1947, now section 7-12-4162 MCA:

> "(1) The city council or commission shall assess
> the entire cost of such improvements against the
> entire district, each lot or parcel of land within
> such district to be assessed for that part of
> the whole cost which its area bears to the area
> of the entire district, exclusive of streets,
> avenues, alleys and public places;
>
> " . . .
>
> "(3) In order to equitably apportion the cost of
> any of the improvements herein provided for be-
> tween that land within the district which lies
> within 25 feet of the line of the street on which
> the improvement is to be made and all other land
> within the district, the council or commission
> may, in the resolution creating any improvement
> district, provide that the amount of the assess-
> ment against the property in such district to

defray the cost of such improvements shall be
so assessed that each square foot of land with-
in the district lying within 25 feet of the line
of the street on which the improvements therein
provided for are made shall bear double the
amount of cost of such improvement per square
foot of such land that each square foot of any
other land within the district shall bear."

Over 65 years ago this Court noted a dramatic split of

authority on the question of whether places like schools or

fairgrounds were to be included in special improvement districts

and assessed for their share of improvement costs. City of

Kalispell v. School District No. 5 (1912), 45 Mont. 221, 226,

122 P. 742. The states which have ruled on the question are still

not in accord and the conflict continues. See 70 Am Jur 2d

Special or Local Assessments §52.

Despite the continuing controversy, this Court held in

City of Kalispell v. School District No. 5 and in an unbroken

line of cases thereafter that such places are subject to assess-

ments. This Court interpreted the statute in issue here as

follows:

"Our statute authorizing these special assessments
provides in general terms that they shall be paid
by the entire improvement district; each lot or
parcel of land within the district to be assessed
for that part of the whole cost which its area bears
to the area of the entire improvement district, ex-
clusive of streets, alleys, and public places. This
language is general. It includes all the property
within the improvement district; and we are not at
liberty to ingraft upon the statute exceptions
which are not there. But it is suggested that the
concluding clause . . . 'exclusive of streets, alleys
and public places,' is broad enough to include prop-
erty devoted exclusively to public use, such as
school property. But that construction violates the
elementary rules of statutory construction; and
certainly, if the legislature intended to exempt
property devoted to public purposes, it could have
found apt terms by which to express its meaning. The
rule exemplified by the expression 'ejusdem generis'
requires that the words 'public places' be read to
mean public places, such as streets or alleys. After
all, the question before us is largely one of public
policy." City of Kalispell v. School District No. 5,
supra, at 230; Toole County Irrigation District v.
State (1937), 104 Mont. 420, 434, 67 P.2d 989; School
District No. 1 v. City of Helena (1930), 87 Mont. 300,
306, 287 P. 164; State ex rel. City of Great Falls v.

Jeffries (1928), 83 Mont. 111, 116, 270 P. 638; Swords v. Simineo (1923), 68 Mont. 164, 175, 216 P. 806. (Emphasis supplied.)

Ejusdem generis is a commonly accepted rule of statutory construction which "requires that general terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items similar to those designated by specific terms." Dean v. McFarland (1972), 81 Wash.2d 215, 500 P.2d 1244, 1248, 74 ALR3d 378. Like the schools in City of Kalispell v. School District No. 5, the fairgrounds here are not similar to "streets and alleys" and cannot be excluded from the Special Improvement District.

The plaintiffs also contend the city council must assess the property within 25 feet of the waterline twice as much as the property further from the line. We disagree.

The statute in question reads "the council . . . may, in the resolution creating any improvement district, provide" that property within 25 feet of the line is to be assessed twice as much as other property in the district. Section 11-2214(1)(a), R.C.M. 1947, now section 7-12-4162(3) MCA. (Emphasis supplied.)

The word "may", unless it has acquired a special meaning in law, is to be given its ordinary meaning. Lewis v. Petroleum County (1932), 92 Mont. 563, 567, 17 P.2d 60, 86 A.L.R. 575. The plaintiffs argue such a special meaning has attached. They have cited numerous cases to the effect that when a right is created in an individual by a statute, a governmental entity must exercise its discretion to the end that the right be given effect. That is not the situation here. The statute does not operate to create a right in an individual; rather, it clearly bestows discretion on the city council to use an alternate plan of assessment to achieve an equitable result.

In other cases where the exercise of a discretionary power by a city council has been questioned, this Court has said: The

action is usually conclusive "unless palpably unjust . . . except in cases of fraud or manifest mistake." Northern Pacific Railway Co. v. Lutey (1937), 104 Mont. 321, 324, 66 P.2d 785. The discretion will not be controlled "in the absence of a clearly arbitrary abuse." State v. City Council et al (1939), 108 Mont. 347, 356, 90 P.2d 514. A determination of the council will not be set aside unless "arbitrary, oppressive or fraudulent." Koich v. Cvar et al. (1941), 111 Mont. 463, 466, 110 P.2d 964.

From the quoted specific applications of the principle, we derive a general rule as follows: When a city council exercises discretionary power, its action will not be disturbed unless there is a showing of manifest abuse of discretion. In the instant case no abuse has been shown and the council's action cannot be enjoined.

Finding no error, the judgment of the District Court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices