Argued December 4, 1919, reversed and remanded January 20, rehearing denied February 10, 1920.

## UKASE INV. CO. *v.* PORTLAND.*

(186 Pac. 558.)

**Eminent Domain—Raising Street Grade Constitutes No Additional Burden upon Surrounding Property.**

1. A municipal council may raise the grade of a street, and such action constitutes the imposition of no additional burden upon surrounding property.

**Municipal Corporations—Completion of Municipal Improvement According to Advertised Plan not Within Scope of Writ of Review.**

2. In an action to recover assessments for a street improvement, whether the work was completed according to the advertised plan is

---

*Authorities passing on the question as to what use of street or highway constitutes an additional burden are collated in a note in 17 L. R. A. 474. REPORTER.

a question of fact, into which the Supreme Court cannot inquire on a writ of review; the official city declaration being conclusive.

**Municipal Corporations—Local Improvement Assessments may be Repeated Until Property Benefited has Paid Just Proportion of Expense.**

3. If a city has undertaken an improvement within the scope of its powers, and has actually accomplished it before an assessment therefor has been found to be irregular, the municipality may return again and again to the assessment until the property benefited is finally required to pay its just proportion of the expense.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.

The plaintiffs, claiming to be the owners of property affected by a projected improvement of Holgate Street in the City of Portland initiated by the action of the city council, sued out a writ of review seeking to overturn an ordinance assessing upon their property the expense incurred in making the improvement. The principal basis of their plaint is that the record shows that the project was abandoned in large part and was never fully completed according to the original design advertised by the council when it first declared its intention to pave that thoroughfare. The Circuit Court sustained the writ and canceled the assessments. The city appeals.    REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman E. Latourette,* Deputy City Attorney, with an oral argument by *Mr. Latourette.*

For respondents there was a brief and an oral argument by *Mr. Frank S. Grant.*

BURNETT, J.—The argument for the plaintiffs is that the improvement projected originally by the city

95 Or.—12

contemplated the pavement of Holgate Street on the then established grade; that after the work was begun under contract which had been let to the lowest bidder, all without objection by the property holders, the council changed the plan respecting six blocks of the street, so as to construct a viaduct over ten tracks of the Southern Pacific Company of such a height as to make an overhead crossing, leaving the railroad traffic free to pass along its tracks unobstructed by street travel. The record shows that at a certain stage of the work, while it was yet uncompleted, the city council after having given due notice and there having been no objection to the same, raised the grade of Holgate Street and incidentally contracted with the railroad company to build a viaduct at its own expense and to pay $1,000 of the amount required to condemn the use of adjacent property as footing for the necessary embankments whereon to construct the approaches to the viaduct, and that afterwards such use having been acquired by eminent domain, the city paid out of the general fund the amount required over the $1,000 which was paid by the railroads. The original contractor for the improvement consented to the modification and laid the pavement over the grade thus raised, there being only slight and unimportant modifications in its width.

1. The record discloses that after the whole work had been completed, the city engineer filed with the council his certificate that it had been accomplished as modified by the contracts with the railroad company and the original contractor. Notice was given as required by the city laws, calling upon property owners interested to make objections to the approval of the engineer's report, declaring that the work had been completed substantially according to the original design. That the council could raise the grade of the

street and that the same constitutes no additional burden upon the property is doctrine established by *Brand* v. *Multnomah County,* 38 Or. 79 (60 Pac. 390, 62 Pac. 209, 84 Am. St. Rep. 772, 50 L. R. A. 389). In the absence of any showing that the expense to the property holders was increased by the change of the grade and the laying of the pavement upon the new grade, there can be no just cause of complaint.

2. Whether the work was indeed completed according to the advertised plan or not, is a question of fact into which we cannot inquire on a writ of review. We are bound by the official city declaration that it has been so finished. The matter has so recently been considered in the practically parallel case of *Killingsworth* v. *City of Portland,* 93 Or. 525 (184 Pac. 248), in an opinion by Mr. Justice BENNETT, that a rehearsal of the precedents and reasoning is unnecessary at this time. The subject is also discussed in *Phipps* v. *Medford,* 81 Or. 119 (156 Pac. 787, 158 Pac. 666).

3. Under the modern charters mentioned in those cases, the principle seems to be that if the city has undertaken an improvement within the scope of its powers and it has actually been accomplished even in a modified form and the assessment therefor has been found to be irregular, the municipality may return again and again to the assessment until the property benefited is finally required to pay its just proportion of the expense. We may well consider that if any fraud on the part of the city or its officers could be shown, equity would interpose to relieve the imposition upon the property holders. But, given a fair exercise of the charter powers of the city, affected as it is not only by the administrative but by the legislative function, the municipality may pursue the subject until a just amount to be collected for the improvement is

secured, remembering always that at some stage of the process the taxpayer has a right to be heard on the question of whether or not he is charged with his legitimate share of the tax.

Bringing before us, as it does, only the questions of law apparent on the face of the record, excluding from our consideration all issues of fact, we are compelled by the precedents noted to say that there is no irregularity disclosed in the record. The judgment of the Circuit Court is reversed and the cause remanded with directions to dismiss the writ.

REVERSED AND REMANDED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.