## WEABER v. CITY of PERRY et al.

No. 21136. Opinion Filed Dec. 6, 1932.

Cress, Tebbe & Cress, W. J. Otjen, and A. S. Garis, for plaintiff in error.

H. E. St. Clair, W. M. Bowles, and H. A. Johnson, for defendants in error.

HEFNER, J. This is an action in mandamus brought in the district court of Noble county by E. Weaber against the city of Perry, and others, to compel the

city council of that city to enter into a contract to refund certain past-due and matured street improvement bonds held by him. The trial court denied the writ.

Plaintiff predicates his action on chapter 93, S. L. 1927 [O. S. 1931, secs. 5252-5272]. Section 1 of the act authorizes the refunding of certain street improvement .bonds. Section 2 provides:

"Whenever **it shall appear to the governing body of any city or town** that any street improvement bond or bonds heretofore issued pursuant to the provisions of chapter 10, article 1, of the Session Laws of Oklahoma, 1907-1908, or by virtue of article 12, chapter 29, Compiled Oklahoma Statutes, annotated, 1921, to pay the cost of paving and otherwise improving any street, avenue, alley, or lane, in such city or town, has matured and remains unpaid, or **if it shall appear to the** governing body of such city or town that any interest coupon or coupons have matured on any such street improvement bond or bonds, so authorized, and that the same remains unpaid, and that said city or town is without funds with which to pay such interest coupon or coupons, the **governing body** of such city or town is **authorized and empowered** to enter into a written agreement with the owner or owners of such past-due bond or bonds of the entire series and to provide in such agreement for the cancellation of such street improvement bonds, subject to the provisions of this act. The presentation of such street improvement bonds heretofore issued under authority of said Act of 1907-1908, or article 12, chapter 29, Compiled Oklahoma Statutes, annotated, 1921, shall be prima facie evidence of the ownership thereof, and when so presented by such person, firm, or corporation to the governing body of said city or town, said parties shall **have the right** to enter into a written contract to provide for the refunding of said bonds herein provided for, which said contract shall provide that said refunding street improvement bonds shall be payable solely from reassessments levied against the property liable for the payment of said street improvement bonds or interest coupons in the district or districts theretofore improved in any city or town for which said bonds and interest coupons were issued; and said contract shall further provide that in no instance shall any reassessment be made or levied against any property in said district or districts which has theretofore been paid in full according to the terms of the ordinance levying such assessment. Said contract shall further provide that all unmatured installments of assessments levied to pay such street improvement bonds heretofore issued shall, until superseded by funding or refunding bonds, as herein provided, but no longer, remain against the property so assessed and the proceeds of such unmatured installments of assessments shall be deposited in the sep-

arate special fund ito pay and retire the street improvement bonds refunded under the provisions of this act. Such contract shall expressly provide that such city or town shall in no event be liable for any loss or damage sustained by the holders of such bonds heretofore issued by reason of the refunding thereof as authorized in this act. Such contract **may** contain such other and suitable provisions **as the parties hereto may agree** with reference to the cancellation of such outstanding street improvement bonds and the protection of the rights of the owners of property liable to pay the assessments which have not matured."

Section 4 provides that, after the contract mentioned in section 2 is entered into between the contracting parties, an ordinance shall be passed by the govering body of the city or town ratifying the contract, and that the ordinance shall be published as other ordinances and shall be in full force and effect immediately upon its approval and publication. The other sections of the act fix the procedure to be followed in refunding the bond after approval of the contract by the city council, and provide the means of enforcing the lien of the bond-holder.

It is the contention of plaintiff that the act is mandatory, and that, if persons holding past-due and matured bonds mentioned in the act join in an agreement to refund as provided by section 3 thereof, the city can be compelled to enter into the contract. In our opinion this contention cannot be sustained. It will be observed that section 2 of the act provides that **whenever it shall appear to the governing body of the city or town** that there are outstanding certain matured and unpaid street improvement bonds, and such city or town is without funds to pay same, it is authorized and empowered to enter into a written contract with the owner or holder of the bond or bonds to refund the same. It is further provided that, when the bonds are presented to the governing body of the city by the owners and holders thereof, such city shall have the right to enter into a written contract to provide for the refunding of such bonds. This section provides that the contract shall contain certain stipulations and concludes as follows:

"Such contract may contain such other and suitable provisions as the parties hereto may agree with reference to the cancellation of such outstanding street improvement bonds and the protection of the rights of the owners of property liable to pay the assessments which have not matured."

It cannot be said, under these provisions, that the act is mandatory. There is no language contained in the act which directs,

orders, or requires a city or town to enter into the contract. They are simply authorized, empowered, and given the right so to do, and it is left discretionary with the city or town, in certain particulars, as to the stipulations to be placed in the contract. The plain language of the act, in our opinion, leaves it discretionary with the governing body of the city or town whether it shall enter into a contract to refund the bonds mentioned in the act.

Plaintiff, in his brief, cites numerous authorities which he contends sustain his contention. We have examined them and arrive at the conclusion that they offer no assistance in construing the act in question. Whether a statute is discretionary or mandatory depends upon the language used therein, and, under the plain language of the statute in question, it is left to the discretion of the city or town whether it shall enter into a contract to refund the bonds therein mentioned.

Defendants urge that the writ should not be granted for the reason that the lots against which plaintiff claims a lien by virtue of his street improvement bonds were sold at a tax resale for failure to pay both ad valorem and special improvement taxes, and that such sale extinguished plaintiff's tax lien. Most of the resales were had under the 1919 act. Plaintiff claims that the resales had thereunder are void and did not operate to extinguish the tax lien. It is not necessary to a decision in this case to decide this question, and since the persons claiming title under the tax resales are not parties to this suit, we shall not attempt to do so. We simply hold that the act in question in this case is not mandatory.

Defendants also urge that section 17 of the act renders it unconstitutional. This section provides that the lien created against the property, by the refunding bonds issued thereunder, may be foreclosed by civil action in the district court of the county in which the land is located. We deem it unnecessary to pass on the constitutionality of this section in this proceeding.

Judgment is affirmed.

CLARK, V. C. J., and RILEY, CULLISION, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.