## INDEPENDENT SCHOOL DIST. NO. 39 OF CREEK COUNTY et al. v. EXCHANGE NATIONAL CO.

No. 23320. Opinion Filed June 6, 1933

Rehearing Denied June 27, 1933.

S. A. Denyer, for plaintiff in error.

Jos. L. Hull, Chas. E. Bush, and A. J. Kriete, for defendant in error.

OSBORN, J. This action was commenced in the district court of Creek county by the Exchange National Company against independent school district No. 39, of Creek county, Okla., and the city of Drumright, Okla., to recover certain paving assessments. Plaintiff alleged that the school district was primarily liable, but prayed for judgment against the city, in the event the court found that the school district was not liable. A judgment was entered in favor of plaintiff against the school district for the full amount prayed for, from which it has appealed. No judgment was taken against the city, and from the state of the pleadings we assume that the cause against the city was abandoned after judgment was entered against the school district, and for the purpose of this appeal it will be so considered.

The petition, which was filed on December 19, 1930, states that plaintiff is the owner of certain bonds issued by the city of Drumright in payment of paving; that the defendant school district is the owner of lots 14 to 31, inclusive, in block 15, of the city of Drumright, and that said property constitutes a part of said improvement district No. 1, within said city, and that certain paving tax assessments were levied against said property, the first one maturing on September 1, 1919, and the last one maturing September 1, 1928; that none of the annual payments on said assessments were paid until 1926, and a part of the 1926, 1927, and 1928 assessments were paid; that the unpaid assessments amount to $2,068.07. In addition plaintiff alleged that it is entitled to interest on said assessments, at the rate of 18 per cent. per annum from the date each of said assessments came due. This interest amounts to $3,349.07, making a total of $5,417.14, which is the amount of the judgment obtained herein.

The pleadings do not disclose whether or not these assessments were included within the annual estimate of the school district and levied by the county excise board.

A demurrer filed by defendants was overruled. The answer was in the nature of a general denial, and the cause was tried upon a stipulation of facts.

As we view the issues herein, the principal question involved is whether or not plaintiff is entitled to maintain an action of this nature to enforce the collection of a paving tax assessment.

In the case of City of Sapulpa v. Land, 101 Okla., 22, 223 P. 640, it is said:

"Taxes are not debts, but are the positive acts of the government, and are the creatures of statute, and must be enforced in the manner provided by the statute."

In the case of Webster v. Morris, 129 Okla. 145, 264 P. 190, it is said:

"The Legislature, subject only to such rules, limitations, and restraints of the Constitution of the state, may provide the method for collecting taxes and naming the agency therefor."

In the case of Prince v. St. Louis & S. F. Ry. Co., 110 Okla. 141, 237 P. 106, it is said:

"Executive and ministerial officials enforce the tax laws, but in doing so they must keep strictly within the authority those laws confer. They neither have nor can have a roving commission to levy and collect taxes from the people without authority of law, but they can only do so in the manner prescribed by the law, which would be the governing rule for their conduct in levying taxes in all cases."

In the case of Perham v. Putnam (Mont.) 267 P. 305, it is said:

"All proceedings in the nature of assessing property for purposes of taxation and in levying and collecting taxes thereon are in invitum, and must be stricti juris."

In the case of National Lumber & Creosoting Co. v. Burrows (Mo. App.) 284 S. W. 153, it is said:

"Levying of taxes is solely statutory and no other means can be employed to coerce payment than those pointed out in the statute."

In the case of Board of Commissioners of Ness County v. Hopper, 110 Kan. 501, 204 P. 536, it is said:

"The entire subject of taxation is statutory: the method prescribed for the recovery of delinquent taxes is statutory, and it does not exist apart from the statute."

In the case of Borough of McKeesport v. Fidler, 147 Pa. 532, 23 Atl. 799, it is said:

"An assessment by a municipality for the cost of building a sewer is a tax. * * * A sewer assessment, being a tax, cannot be collected as an ordinary debt by a common law action, unless such remedy is given by statute."

Section 4593, C. O. S. 1921, provides:

"Any property which shall be owned by the city or county, or any board of education, or school district, shall be treated and considered the same as the property of other owners and the property of any city, county, school district, or board of education within the district to be assessed shall be liable and assessed for its proper share of the cost of such improvements, in accordance with the provisions of this article."

Section 4605, C. O. S. 1921, provides the manner in which the assessments involved herein are payable, as follows:

"Assessments in conformity to the appraisement and apportionment as corrected and comfirmed by the council shall be payable in ten equal annual installments, and shall bear interest at the rate of 7 per cent. per annum until paid, payable in each year at such time as the several installments are made payable. The mayor and the council shall, by ordinance, levy assessments in accordance with said appraisement and apportionment, as so confirmed against the several lots and tracts of land liable therefor."

The bonds also, by their own terms, provide that said assessments are payable in 10 equal installments.

The board of education of school district No. 39 was required, as a ministerial duty, to include an amount equal to each assessment in the annual estimate for the purpose of paying the same. The county excise board was charged with the duty of making an annual levy in an amount sufficient to pay said assessments. They were probably negligent in the discharge of their duties, but this fact would not operate to change the plain provisions of the law. It is elementary that the remedy of mandamus was available to plaintiff and might be exercised for each and every year the governing boards failed to perform their respective duties.

The rules of law cited above from the various jurisdictions demonstrate the policy of the courts in protecting the rights of the taxpaying public. Since a plain, simple, and adequate provision has been made for the collection of these assessments, under the announced rules, said method of collection is exclusive, and the courts are without power to extend the provisions of the statutes relating to the collection of taxes. The facts in this case amply demonstrate the necessity for such a provision. If the judgment of the trial court is permitted to stand, the result would be to allow plaintiff to sit idly by for a period of 10 years without taking advantage of its right to enforce payment of these assessments allowing them to bear 18 per cent. interest from and after the date on which they became due, and then, for good measure, to wait two more years while the entire indebtedness was bearing 18 per cent. interest, thereby more than doubling the original indebtedness. In effect, the holder of the bonds would be investing its money for 18 per cent. interest, and upon its own election could institute suit and recover more than double the original debt in three annual installments instead of ten, as provided by law. It is clear to us that our system for collection of taxes was never intended to operate in such manner.

Plaintiff contends that the procedure herein is based upon a rule of law definitely announced by this court in the case of City of Drumright v. McCormick, 118 Okla. 140, 247 P. 25, which allows a personal judgment to be taken against a municipality for assessments for sewer purposes, which rule was later cited with approval by this court in the case of Clark v. City of Weatherford, 143 Okla. 165, 288 P. 278. It will be noted that said case was predicated upon a liability of the city property for assessments made by the city against its own property, for which it had not provided funds with which to discharge same. In the instant case the school district had no part in placing the liability against its property.

It appears that this rule was originally announced by the Supreme Court of Kansas in the case of County Commissioners of Franklin County v. City of Ottawa (Kan.) 31 P. 788, which case has been several times followed by the Kansas Supreme Court. City of St. Johns v. Board of County Commissioners of Stafford County (Kan.) 205 P. 1033; City of Wichita v. Board of Education (Kan.) 142 P. 946. It is apparent that the rule heretofore announced by this court is predicated on the Kansas decision. An exhaustive search of the authorities discloses that the rule does not obtain in any jurisdiction except Kansas and Oklahoma.

While we are loathe to change in any manner the established rules of law announced by this court, yet we are driven irresistibly to the conclusion that the reasoning of these authorities is not in line with our fundamental policy relating to taxation. An examination of the case of County Commissioners of Franklin County v. City of Ottawa, supra, discloses that the rule, as announced by the Supreme Court of Kansas, is based upon the following reasoning:

"A courthouse cannot be sold or disposed of under tax proceedings or at forced sale for special assessments or taxes levied upon the ground thereof. Such grounds are for the uses and purposes of the public, and are essential to the administration of the executive and judicial duties of the county and state, and therefore are not subject to sale for taxes, or upon judgments rendered against a county. Perhaps it ought to be assumed, when a special assessment is made in accordance with the provisions of the statute for the opening or improvement of a public street, that the officials of the county would allow and provide for the payment of the same without any action or other legal proceedings being necessary. It is presumed that the sovereign or state will do no wrong. If a county, however, refuses to pay the special assessments or taxes legally levied against its property, as such property, on account of the public uses to which it is applied, cannot be sold at a tax or other forced sale, there is no impropriety, after the claim is disallowed, in permitting the district court, on appeal, to adjust the amount thereof."

It will be observed that the assessments involved were made against the county on account of paving adjacent to the county courthouse. The judgment of the court was not based upon a statute or upon any

established rule of law, but was granted for the reason that the court found no impropriety in rendering a personal judgment against a county.

We do not believe that our courts should base their decisions involving the fundamental rights of citizens on proprieties and exigencies of the occasion. The instant case demonstrates the danger of departing from the well-established and fundamental principles involving personal and property rights.

Following the rule announced in this early Kansas decision, the courts are now in position to saddle upon the taxpayers involved in the instant case an iniquitous burden of taxation involving a heavy penalty for which the individual citizen, who must pay the bill, is in no wise responsible. As hereinabove announced, the whole process of taxation, including the collection of special assessments for improvement districts, is purely statutory. The taxing officials are bound to follow and comply strictly with the various statutes involved. A proceeding for the collection of taxes or assessments is a proceeding strictly in rem, and under no circumstances can a personal judgment be rendered against any property owner for special assessments levied for the improvement of his property. There is no statute allowing such judgment to be taken against a municipality or subdivision of the state. The authorities above referred to, which are relied upon by plaintiff, in permitting a personal judgment to be taken against a municipality in the absence of a statute, have adopted a legislative rather than a judicial function. We, therefore, disapprove the reasoning thereof, and cannot apply same to sustain the judgment of the trial court in this cause.

Outside of the cases just referred to, this court has uniformly required a strict compliance with the existing statutes in the manner of tax collections. Glasser v. Goltry, 136 Okla. 182, 276 P. 738; Fulkerson v. Johnson, 138 Okla. 84, 280 P. 430; Prince v. Ypsilanti Savings Bank, 140 Okla. 131, 282 P. 282; Board of County Commissioners of Grady County v. Hammerly, 85 Okla. 53, 204 P. 445; State v. Armstrong, 158 Okla. 290, 13 P. (2d) 198; Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. (2d) 94.

We do not hold that the plaintiff is wholly without remedy herein. Section 4605, C. O. S. 1921, provides that the bonds are payable in ten equal annual installments. Section 4609, C. O. S. 1921, provides that each assessment and installment is a lien against the property benefited by the improvement. The only manner in which said lien may be discharged is by payment thereof in the manner prescribed by law, which is in ten equal installments. Section 4593 provides that school property shall be treated and considered as other property and shall be liable and assessed for its proper share of the costs of said improvements. It has been heretofore suggested that the remedy of mandamus is available to plaintiff against the officers to require such annual levies to be made. As to whether or not the statutory penalties which have already accrued should be included in said ten annual installments and levied therefor by the excise board, is a question not before this court at this time.

Having taken this view of the issues as herein presented, it is not necessary to discuss other contentions raised in the briefs.

Since there is no statutory authority for such a proceeding as is outlined herein, the judgment of the trial court is reversed and the cause remanded, with directions to dismiss the same.

RILEY, C. J., and McNEILL, SWINDALL, ANDREWS, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and WELCH, J., dissent.