**CHICAGO, R. I. & P. RY. CO. v. HENDERSON, County Treas.**

No. 21796.     Feb. 6, 1934.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

C. N. Ernest, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the district court of Grant county denying recovery of certain taxes paid under protest by, the Chicago, Rock Island & Pacific Railway Company, hereinafter referred to as plaintiff. W. T. Henderson, county treasurer, will be hereinafter referred to as defendant. The cause of action arose prior to the date that initiative petition No. 100 became effective.

For the year 1927-1928 a tax levy was made by the county excise board for school district No. 54 of 15 mills for operating expenses of the school. The school district had

become obligated to pay certain paving tax assessments and it was sought to pay the entire assessment in one installment, and for this purpose the excise board levied 7.5 mills in addition to the 15 mills for operating expenses, thereby making a total of 22.5 mills, as a general fund levy. Plaintiff protested the 7.5 mills as illegal and void and in excess of the limitation imposed by section 9, art. 10, of the Constitution.

Defendant contends that paving assessments are not taxes in the strict sense of the word, but are special benefit improvement assessments and are not included in the limitation provided by the Constitution. This question has been adjudicated contrary to said contention in the recent case of St. Louis-S. F. Ry. Co. v. Sanders, 154 Okla. 159, 7 P. (2d) 161. In discussing the provisions of section 20, ch. 173, S. L. 1923 (sec. 6231, O. S. 1931), in connection with constitutional and statutory limitations, it is said:

"From the language of the act, it appears that the levy is required to be made annually, and, by the provisions of the statute, for a period of ten years. The provisions of section 9692, supra, apply to a levy for current expenses, the maximum amount thereof for Cherokee county being six mills. In Oklahoma News Co. v. Ryan, Co. Treas., 101 Okla. 151, 224 P. 969, there was under consideration section 1, ch. 297, Session Laws 1919, which authorized a levy of not to exceed one-half mill on the dollar on all taxable property in counties having a population of 52,000 persons for the purpose of buying a suitable farm and the erection of a building and the maintenance of a county supervised school for a home for dependent and neglected white boys of such county under the age of 16 years. It was therein held that that fund was a part of the fund for current expenses, and that it was not in addition to the levy for current expenses as limited by section 9692, supra. In St. Louis-San Francisco Ry. Co. v. McIntosh, Co. Treas., 103 Okla. 246, 229 P. 1064, it was held that a county levy for the general road and bridge fund of the county and a county levy for the free fair fund of the county are a part of the current expenses of the county, as limited by section 9692, supra. The same rule was applied as to the library fund and cemetery fund in Missouri, K. & T. Ry. Co. v. Bennett, Co. Treas., 122 Okla. 102, 250 P. 1021.

"We have examined the 1923 act under the rule stated, and we find nothing therein to indicate an intention on the part of the Legislature that a tax levy for the purpose of paying the assessments for paving the streets around a courthouse may be made in excess of the limitations contained in section 9692, supra.

It is therefore apparent that paving tax assessments are a part of the current expenses and must be included within the 15-mill levy.

Although not directly presented here, it may also be said that there is no provision of law for the payment of paving tax assessments in one installment. Section 6234, O. S. 1931, provides that assessments shall be payable in 10 equal annual installments and which bear interest at the rate of 7 per cent. per annum until paid, payable in each year at such time as the several installments are made payable. Section 6231, supra, provides as follows:

"Any property which shall be owned by the city, town or county or any board of education or school district, shall be treated and considered the same as the property of other owners, and such city, town, county, school board or board of education within such district to be assessed, shall annually provide by the levy of taxes in a sufficient sum to pay the maturing assessments and interest thereon."

Although said section provides that property owned by a municipality shall be treated and considered the same as the property of other owners, and section 6234, O. S. 1931, provides that the owners shall have the privilege of paying the amount assessed against them within 30 days from the date of the publication of the ordinance, we find nothing in section 6231 which indicates the legislative intent to extend such privilege to a municipality, for the statute provides for an annual levy to pay maturing assessments. See Independent School Dist. No. 39 v. Exchange National Co., 164 Okla. 176, 23 P. (2d) 210.

The judgment of the trial court is reversed and the cause remanded, with directions to enter a judgment in favor of plaintiff in conformity with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.