## BOARD OF TRUSTEES OF INCORPORATED TOWN OF BROKEN BOW et al. v. FISHMAN REALTY & INV. CO.

No. 24061. March 19, 1935.

Rehearing Denied April 2, 1935.

Tom Finney, for plaintiffs in error.

T. G. Carr, for defendant in error.

CORN, J. For convenience the parties will be referred to herein as they appeared in the trial court, in reverse to the order here.

The petition of plaintiff alleges that the defendant, through its board of trustees, let a contract for the construction of sewers in said district, and after same had been completed, caused the cost thereof to be assessed and apportioned against all the lots and pieces of ground in such district, exclusive of improvements, in proportion to all the area of the whole district, exclusive of highways; and the amount chargeable against said block 46 was $802.53. That said block 46 was owned by the said incorporated town and that it thereupon levied a special tax upon said block in the sum above stated, by ordinance, which ordinance

was duly published according to and as required by law. That, said tax not having been paid and no protests filed, it caused a tax warrant to be issued against said property, said warrant being No. 290, dated December 1, 1922, and payable as follows: $267.51, December 15, 1922; $267.51, December 15, 1923; and $267.51 payable December 15, 1924, all drawing interest at 8 per cent. per annum from December 1, 1922, until paid. That said warrant was turned over to the contractor and said warrant was by said contractor sold, assigned, and delivered to the plaintiff, and plaintiff became the owner and holder thereof.

The plaintiff further alleged that no part of the tax warrant had been paid and that there was due and owing thereon to said plaintiff the sum of $802.53, with interest thereon at the rate of 8 per cent. per annum from the date said warrant was issued, until paid.

The petition further stated that on the 2nd day of November, 1925, at a purported sale of said property by Mayo James, county treasurer of McCurtain county, for said taxes, this plaintiff surrendered to said treasurer said tax warrant in exchange for a tax sale certificate No. 4072. That plaintiff cannot enforce its lien upon said property for the reason it is owned by an incorporated town, and its only recourse is a judgment. The answer of defendant was in a way a general denial, admitting that the town was incorporated, that it had a population of over one thousand, and that it owned block No. 46.

We find that this action was originally filed by the plaintiff in 1925, the defendant having filed a demurrer to the petition of the plaintiff, and the same being sustained by the trial court, said order sustaining said demurrer was appealed from to this court, wherein this court held in said cause, Fishman Realty Inv. Co. v. Board of Trustees of Broken Bow, 149 Okla. 293, 300 P. 624:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause * * * in accordance with the prayer of the petition in error. City National Bank v. Coatney, 122 Okla. 233, 253 P. 481."

In compliance with the order of this court, said demurrer was overruled, and a trial had, in which judgment was rendered in favor of the plaintiff for the sums alleged in its petition. Motion for new trial filed by the defendant, heard, overruled, exceptions allowed, and appeal lodged in this court for the second time on the 14th day of September, 1932.

The only question to be decided in this case is whether or not plaintiff can maintain an action of this nature to enforce the collection of a sewer tax assessment, and obtain a personal judgment against said incorporated town upon a sewer warrant issued by it.

Since the filing of this case herein, there have been three cases decided by this court, holding contrary to the decision of the trial court and the contention of the plaintiff. Said cases being: Independent School Dist. No. 39, Creek County, et al. v. Exchange National Co., 164 Okla. 176, 23 P. (2d) 210; Chicago, R. I. & P. Ry. Co. v. Henderson, County Treasurer, 167 Okla. 302, 29 P. (2d) 768.

A proceeding for the collection of taxes or assessments is a proceeding strictly in rem, and under no circumstances can a personal judgment be rendered against an incorporated town for special assessments levied for the improvement of its property. There is no statute allowing such judgment to be taken against a municipality or subdivision of the state. A sewer assessment, being a tax, cannot be collected as an ordinary debt by a common-law action, unless such remedy is given by statute.

Since there is no statutory authority for such a proceeding as is outlined herein, the judgment of the trial court is reversed, and the cause remanded, with directions to dismiss the same.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. WELCH, J., not participating.