### EXCHANGE NATIONAL CO. v. CITY OF SHAWNEE.

No. 24389.  June 11, 1935.

J. L. Hull, Chas. E. Bush, and Jas. E. Bush, for plaintiff in error.

Randall Pitman, for defendant in error.

OSBORN, V. C. J. This action was instituted in the district court of Pottawatomie county by the Exchange National Company, hereinafter referred to as plaintiff, against the city of Shawnee, hereinafter referred to as defendant, wherein it was sought to recover a personal judgment against said defendant for certain past-due installments on paving bonds held by plaintiff. Defendant denied ownership of certain property involved, but admitted ownership of certain other property. From a holding of the trial court adverse to plaintiff regarding the ownership of the property, plaintiff appeals. From a judgment against defendant for the amount of the delinquent unpaid assessments on property which the court found was owned by the defendant, it appeals.

Several questions are involved, but it is necessary to determine but one of them, and that is, whether or not a personal judgment may be taken against the defendant for delinquent unpaid paving assessments on property owned by the city. In the case of City of Drumright v. Exchange National Co., 164 Okla. 158, 23 P. (2d) 213, it was held that unpaid delinquent special assessments authorized by section 4593, C. O. S. 1921, against the property of a city used for public purposes cannot be made the basis of a personal judgment against the city. See, also, Independent School District No. 39 of Creek County v. Exchange National Company, 164 Okla. 176, 23 P. (2d) 210; Board of Trustees of Incorporated Town of Broken Bow v. Fishman Realty & Inv. Co., 171 Okla. 351, 42 P. (2d) 513.

There is but one distinction between the facts in the instant case and in those cases above cited. In those cases the assessments were made under and by virtue of the provisions of section 4593, C. O. S. 1921, which provide as follows:

"Any property which shall be owned by the city or county, or any board of education, or school district, shall be treated and considered the same as the property of other owners, and the property of any city, county, school district, or board of education within the district to be assessed shall be liable and assessed for its proper share of the cost of such improvements, in accordance with the provisions of this article."

In the instant case the assessments were made under the provisions of section 6231, O. S. 1931, which is section 20, chapter 173, Session Laws 1923, as follows:

"Any property which shall be owned by the city, town or county or any board of education or school district, shall be treated and considered the same as the property of other owners, and such city, town, county, school board or board of education within such district to be assessed, shall annually provide by the levy of taxes in a sufficient sum to pay the maturing assessments and interest thereon."

It is noted that under the latter section no provision is made for the taking of a personal judgment against a municipality for unpaid delinquent paving assessments. On the other hand, the remedy is specifically provided.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss the proceeding.

McNEILL, C. J., and BAYLESS, BUSBY, and CORN, JJ., concur.