## FIRST NATIONAL BANK IN WICHITA et al. v. BOARD of ED. of CITY of ENID et al.

### No. 24176. Oct. 8, 1935.

V. L. Headrick, Thomas E. Elcock, and James G. Martin, for plaintiffs in error.

Kruse & Edwards, for defendant in error Board of Education of the City of Enid.

PER CURIAM. The parties will be referred to herein as in the court below, the plaintiffs in error as plaintiffs and defendant in error as defendant.

Plaintiffs instituted their action in the district court of Garfield county seeking a money judgment against defendant the board of education of the city of Enid. Plaintiffs are executors of the will of J. N. Haymaker, who died a resident of the state of Kansas, leaving as assets of his estate the Oklahoma street improvement bonds which are involved herein. The court below sustained a demurrer to plaintiffs' petition, from which order plaintiffs have appealed; by such demurrer the facts, for the purpose of this suit, are admitted to be as follows:

The city of Enid issued its certain street improvement bonds, dated September 18, 1919, due September 15, 1929, pursuant to due and legal preliminary proceedings creating the special improvement district and apportioning assessment for payment of the paving embraced therein. Such paving included a street in front of and adjoining one of the public schools of Enid. Plaintiffs are the holders of all unpaid bonds of the issue, aggregating the principal amount of $4,500. Interest on plaintiffs' bonds had been paid until maturity from assessments levied on property in the improvement district other than said school property. The bonds being unpaid at maturity, and defendant the board of education of the city of Enid having failed to levy any assessments for the payment of the improvements in front of the school property, plaintiffs instituted this action seeking personal judgment against said board of education in the sum of $4,500, with interest thereon at 6 per cent. per annum from September 15, 1929. The city of Enid was joined as a defendant, plaintiffs' petition alleging that the city was beneficially interested in the assessments due for such paving by reason of the difference between the 6 per cent. interest provided for in plaintiffs' bonds and the 18 per cent. penalty provided for by law. No personal judgment was sought against the city.

In seeking personal judgment against the board of education plaintiffs rely upon City of Drumright v. McCormick, 118 Okla. 140, 247 P. 25. However, subsequent to the perfecting of plaintiffs' appeal herein, the city of Drumright decision was overruled in Independent School District No. 39 of Creek County v. Exchange National Co., 164 Okla. 176, 23 P. (2d) 210. The facts presented in the Independent School District Case are substantially the same as those herein involved, the bonds there being for the years 1919 to 1928, and the property of the school district having been included in the special improvement district. There we said:

"Unpaid delinquent special assessments authorized by section 4593, C. O. S. 1921, against the property of a school district cannot be made the basis of a personal judgment against said school district."

Since that decision we have reaffirmed the views therein expressed a number of times. City of Drumright v. Exchange National Co., 164 Okla. 158, 23 P. (2d) 213; Board

of Trustees of Incorporated Town of Broken Bow v. Fishman Realty & Investment Company, 171 Okla. 351, 42 P. (2d) 513; Exchange National Co. v. City of Shawnee 172 Okla. 574. 46 P. (2d) 506; Blythe v. City of Tulsa 172 Okla. 586, 46 P. (2d) 310. These cases are controlling here.

In plaintiffs' reply brief, filed after the decision in Independent School District No. 39 was announced, it is earnestly argued that the earlier Drumright decision, permitting personal judgment, should be adhered to, and it is suggested that, in view of the well-settled law that public property may not be sold in payment of special assessments, to hold that a personal judgment may not be had against a school board or similar governmental subdivision will leave plaintiffs and like bondholders without remedy. We think not.

It is self-evident that if justice and good morals are to prevail, means must be provided for the payment of special improvements made in good faith and for the reimbursement of persons, who, by the purchase of the bonds issued according to law, have made the creation of such improvements possible. The justification of special assessments is found in the benefits received by the property affected. If paving and other such improvements are to be made available to our cities in their progress, the moral and legal obligation to pay for such betterments must be recognized and discharged. The state Legislature. by its various enactments, has recognized this obligation and has provided for enforcement thereof. The instant case exemplifies the need for such protection. Here no question is involved with regard to the validity of the proceedings had by the city of Enid, pursuant to which these bonds were issued. This action was made necessary solely because a levy was not made yearly by the school board for the purpose of retiring such obligations.

Of course, J. N. Haymaker during his lifetime, might have come to Enid each year, from without the state, and examined the estimates submitted by the school board for the purpose of ascertaining whether or not a sum had been included which would have been sufficient, over the ten-year period covered by the bonds, to retire them; and upon so advising himself of the school board's oversight, mandamus would lie. State ex rel. Southern Surety Co. v. Armstrong, 158 Okla. 290, 13 P. (2d) 198.

However, he was not charged by law with taking such steps: and mandamus is not the only remedy available to holders of bonds of this nature. Sections 6252 to 6273, O. S. 1931, provide a comprehensive plan for the issuance of refunding bonds whenever "it shall appear to the governing body of any city or town that any street improvement bond * * * has matured and remains unpaid" (section 6253). Under the provisions of said refunding bond law, a contract may be entered into between the city and such bondholder or bondholders providing for the cancellation of the unpaid bonds of the existing series and the issuance of refunding bonds, payable in ten years, in lieu thereof; but "in no instance shall any reassessment be made or levied against any property in said district or districts which has theretofore been paid in full according to the terms of the ordinance levying such assessment" (section 6253).

An additional remedy is also available. The sections just referred to as constituting the refunding bond law appear as chapter 93 of the Session Laws of 1927. Such law was not intended to modify or abrogate certain earlier statutes passed by the Legislature for the benefit of persons occupying the position in which plaintiffs now appear. Rather such refunding act is in lieu of sections 4262-4267, C. O. S. 1921. We are further persuaded to this view by the fact that by the wording of the refunding bond act, refunding bonds may be issued only pursuant to a voluntary agreement made with the city, mandamus not being available to require the city to issue bonds of this type. Weaber v. City of Perry, 160 Okla. 205, 16 P. (2d) 883.

The other remedy to which we refer is that found in the latter part of section 6241, O. S. 1931, as follows:

"* * * And provided, further, that in the event any special assessment shall be found to be invalid or insufficient, in whole or in part, for any reason whatever, the governing body may at any time in such manner provided for levying an original assessment, proceed to cause a new assessment to be made and levied which shall have like force and effect as an original assessment."

As pointed out by us in City of New Cordell v. Mansell, 169 Okla. 166, 36 P. (2d) 508, this section, a part of chapter 173 of the Session Laws of 1923, does not materially differ from section 644, Revised Laws 1910, or from section 4619, C. O. S. 1921. The portion of section 6241 just quoted is sufficiently comprehensive to meet the situation occupied by such bondholders as plaintiffs. It is much broader than similar pro-

visions found in the Codes of many of the states, and provides for a reassessment whenever the original assessment "for any reason whatever" may be found to be insufficient. The framers of such provision likely had in mind the principle of law announced in Ukase Investment Co. v. City of Portland (Ore.) 186 P. 558, that "the municipality may return again and again to the assessment until the property benefited is finally required to pay its just proportion of the expense."

The remedy provided by section 6241 was held in Oklahoma Railway Co. v. Severns Paving Co., 67 Okla. 206, 170 P. 216 (modified and affirmed, 251 U. S. 104), to be available for the purpose of a reassessment against specific property which constituted only a portion of that lying in the original special improvement district. That the school property was here included in the original assessment, but its proportionate part of the tax burden was not discharged because of failure to make the necessary levies, presents no substantial difference from the facts involved in the Severns Case, where the proportionate burden was not paid by the taxpayer because such property was not included in the first instance.

Nor will the fact that public property is involved prevent a reassessment such as is provided for by section 6241. As said in Re Assessment of Second School Addition in City of Tacoma (Wash.) 187 P. 1092:

"To hold that the state could defeat the reassessment because there was no lien upon state property would be to defeat a just cause by resorting to technical reasoning. There is no claim in this case that the state's property was not benefited to the full amount for which it was assessed."

A reassessment would be advantageous to the school board, since it will stop the accrual of the penalties provided for upon nonpayment, and will return the rate of interest to 7 per cent. And a positive remedy is thereby afforded the bondholders, in view of the United States Supreme Court having approved our decision in the Severns Paving Company Case, supra, that mandamus will lie to enforce a reassessment.

Finding no error, the decision of the trial court is affirmed.

The Supreme Court acknowledges the aid of Honorable Samuel W. Hayes, acting as special master, who assisted in the preparation of this opinion. Mr. Hayes' analysis of law and facts was assigned to a Justice of this court for examination and report.

Thereafter, the opinion was adopted by the court.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.