## LOWDEN et al. v. EXCISE BOARD OF JEFFERSON COUNTY.

No. 28379.  March 29, 1938.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiffs in error.

Victor Eckler, County Atty., and Everest, McKenzie & Gibbens, for defendant in error.

GIBSON, J.  Acting under the authority conferred by section 9, article 10, of the Constitution, as amended August 15, 1933, the excise board of Jefferson county allocated the 15-mill tax rate levy therein provided by giving to the county 9.06 mills, to school districts 5 mills, and to cities and towns .94 mill.  This authority to apportion is found in the first sentence of the amendment, and of course it is conceded that the Legislature has not exercised the prerogative there preserved to make an apportionment.  The protesting taxpayers here do not assail the apportionment made by the excise board, but protest an additional apportionment of 1.763 mills to the city of Waurika for the purpose of meeting paving assessments levied against city property. Authority for this, the excise board and the city claim, is found in the last paragraph of the amendment, which reads:

"Provided, also, an additional levy may be made each year. in the state and in the various subdivisions thereof, on all personal and real property subject to ad valorem taxes, to reasonably take care of bonded

and other valid indebtedness of the state and its various subdivisions existing at the time this amendment is adopted and becomes effective, but such necessary additional levy or assessment on such property to take care of such indebtedness existing and owing by the state and its subdivisions at such time shall in no event exceed levy or assessment for which such property would have been liable under the Constitution and laws of the state as same existed immediately prior to the adoption of this amendment." (Okla. St. Ann. Const. pp. 978, 979.)

It is contended that the assessments against the city for paving are within the expression "other valid indebtedness" which, before the amendment, could have been taken care of by a general fund levy up to four, possibly, six mills. Chapter 122, S. L. 1933; sec. 12669, O. S. 1931. The paving assessment was created by ordinance enacted before the amendment. The levy for these assessments did not constitute a sinking fund levy, but was a part of the general fund levy. Chicago, R. I. & P. Ry. Co. v. Henderson, 167 Okla. 302, 29 P.2d 768. The constitutional amendment did not abolish either sinking fund levies or general fund levies. It limited the amount of the latter, after abolishing the general state levy. Theretofore the maximum had been 31½ mills for general purposes. It was by the amendment limited to 15 mills for the same purposes. Atchison, T. & S. F. Ry. Co. v. Excise Board of Washington County, 168 Okla. 619, 35 P.2d 274.

It was evidently the purpose of the proviso of the last paragraph of the amendment to restrict the levy in addition to the 15-mill limitation to a "necessary" levy for which property "would have been liable" before the amendment, and not to give power to levy additional taxes for purposes for which such property could have been made liable. In other words, the additional levy is to be for bonded indebtedness and other valid indebtedness for which payment is to be made out of a levy similar to a levy for bonds, i. e., a sinking fund levy. For it was only for such levies that "such property would have been liable" prior to the amendment.

It is obvious that the fact that only .94 mill was levied had no pursuasive force as an argument here, since, if the power is granted to levy specially for taxes in excess of the allocated or apportioned part of the 15 mills, the power must exist to levy if the allocated part be 10 mills or any other amount. This is for the reason that if the liability for the tax existed as

one for which the property of the taxpayers would have been liable prior to the amendment, such liability would be still existent after the amendment. Such liability is incident only to sinking fund and not to general fund obligations.

We conclude, therefore, that the action of the excise board in setting up a special levy for the city of Waurika in excess of 15 mills was unauthorized and illegal. The protest should have been sustained.

The case is accordingly reversed, with directions to sustain the protest.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, HURST, and DAVISON, JJ., concur. WELCH, J., absent.