## CITY OF SHAWNEE v. EXCHANGE NATIONAL CO.

No. 24373.   Sept. 26, 1939.

Randall Pittman, City Atty., for plaintiff in error.

Jos. L. Hull, A. J. Kriete, and Arch K. Kriete, for defendant in error.

OSBORN, J. This action was instituted in the district court of Pottawatomie county by the Exchange National Company, hereinafter referred to as plaintiff, against the city of Shawnee, hereinafter referred to as defendant, wherein it was sought to recover judgment for certain past due installments on sewer tax warrants which had been issued by defendant in the year 1927 in payment of the cost of construction of sewers adjacent to the property owned by the city within certain sewer districts. From a judgment in favor of plaintiff, defendant has appealed.

The cause was tried upon a stipulation of facts. It was agreed that defendant was the owner of the property described in plaintiff's amended petition, and that the same was used for public purposes; that the assessments against said property were due and unpaid; that no appropriation had been made to pay such assessments; that no demand had been made by plaintiff on the proper officials either by way of oral demand or mandamus for the making of a levy to pay such assessments; that no funds were available for the payment of such assessments.

It appears that the assessments herein involved were due in December, 1928, December, 1929, and December, 1930. A judgment was rendered against the city for the amount of said assessments plus interest at 8 per cent. per annum from the date they became due to the date of judgment.

As we view it, the determinative issue is whether or not a judgment may be taken against the defendant for delinquent unpaid sewer tax warrants for sewer tax assessments on property owned by the city and used for public purposes.

The levy of the assessments herein involved was made under authority of section 6047, O. S. 1931, 11 Okla. St. Ann. §274, which provides that in the establishment of sewer districts the city shall be liable for the cost of said sewers in the same manner as other property owners within the district.

The plaintiff relies upon the rule announced in the case of City of Drumright v. McCormick, 118 Okla. 140, 247 P. 25. In that case it was held that a judgment might be rendered against the city of Drumright for delinquent sewer tax warrants issued against real property owned by said city on the theory that since payment of said warrants could not be enforced by the foreclosure of a lien against public property, it was proper to render a judgment against the municipality for the amount of the unpaid warrants. The reasoning adopted by the court in that case was specifically disapproved in the case of Independent School District No. 39 v. Exchange National Company, 164 Okla. 176, 23 P.2d 210, 95 A. L. R. 685. In that case we were dealing with delinquent special assessments against certain property owned by the school district for paving laid adjacent to said property. It was pointed out that taxes are not debts, but are the creatures of statutes and must be enforced in the manner provided by statute; that the board of education of the school district was required, as a ministerial duty, to include an amount equal to each assessment in the annual estimate, and that the county excise board was charged with the duty of making an annual levy in an amount sufficient to pay said assessments, and that the remedy of mandamus was available to the holder of the bonds to require the officials to discharge said duty. It was further held that said remedy was exclusive and that the holder of the paving bonds was not entitled to take a judgment against the school district. In the case of City of Drumright v. Exchange National Co., 154 Okla. 158, 23 P.2d 213, the same rule was applied where the city was the owner of the property. In these cases the statutes construed were sections 4593, C. O. S. 1921, and 4605, C. O. S. 1921. Inasmuch as the assessments were made pursuant to the provisions of said sections, the statement found in the body of the opinion in the case of Blythe v. City of Tulsa, 172 Okla. 586, 46 P.2d 310, to the effect that section 20, chapter 173, Session Laws 1923, was construed in the

above-cited cases was no doubt inadvertently made, and is erroneous. It was pointed out in the case of Exchange National Co. v. City of Shawnee, 172 Okla. 574, 46 P.2d 506, that in the cases to which we have referred the assessments were made under the provisions of section 4593, C. O. S. 1921, whereas in the case there under consideration the assessments were made under section 20, chapter 173, Session Laws 1923 (sec. 6231, O. S. 1931, 11 Okla. St. Ann. §100). In the last-cited case, it is pointed out that the same rule is applicable and under the more recently enacted statute the remedy is thereby specifically provided.

It will be observed that the provisions of sections 4593 and 4605, C. O. S. 1921, dealing with assessments for paving, are very similar to the provisions of sections 6047 and 6051, O. S. 1931, 11 Okla. St. Ann. §§ 274 and 278, dealing with assessments for sewers.

In the case of First National Bank in Wichita v. Board of Education of the City of Enid, 174 Okla. 164, 49 P.2d 1077, it was sought to recover a personal judgment against a school district for delinquent paving assessments. In that case the plaintiffs relied upon the case of City of Drumright v. McCormick, supra. It was pointed out in the opinion that that case had been overruled by the case of Independent School District No. 39 v. Exchange National Co., supra, and the rule announced in the last-cited case was followed.

In the case of Trustees of Incorporated Town of Broken Bow v. Fishman Realty and Investment Co., 171 Okla. 351, 42 P.2d 513, it was sought to recover a judgment against the town of Broken Bow for delinquent sewer tax assessments against certain property owned by the town. The case of Independent School District No. 39 v. Exchange National Co., supra, was held to be controlling and it was pointed out that, since there is no statute authorizing the rendition of a judgment against the town for the collection of said delinquent tax, the plaintiffs therein were not entitled to such judgment and that the remedy outlined in the case of Independent School District No. 39 v. Exchange National Co., supra, was exclusive. We find no reason for departing from the rule therein announced. The same is decisive and controlling of the issue involved herein.

The judgment of the trial court is reversed and the cause is remanded, with directions to dismiss the same.

BAYLESS, C. J., and CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., dissents. RILEY, J., absent.

WELCH, V. C. J. (dissenting). I think the decision should be otherwise and should follow City of Drumright v. McCormick, 118 Okla. 140, 247 P. 25. I think the plaintiff in commencing this action had the right to rely on the rule of the Drumright Case theretofore fixed. That decision has been criticized, but has never been expressly overruled, nor has any decision pointed out the evil or unsoundness of that rule. I think that rule is sound and is preferable to the rule of the majority opinion here, which evidently goes on to the logical conclusion that this plaintiff can, at any time in the future, compel a general fund appropriation and levy to pay his warrants, as was held by majority opinion in Board of Education of Duncan v. Johnston, No. 28313, promulgated June 27, 1939 [pending on rehearing], thus avoiding the principle that general fund appropriations may be made only for the purposes of the current year and may not be made to discharge general fund obligations of long prior years. I am not willing to now join in the substitution of that rule, with its apparent defects and evils, for the plain rule of the Drumright Case that upon timely action, within the limitation period, a judgment may be rendered against the municipality.