BOARD OF EDUCATION OF CITY OF DUNCAN v. JOHNSTON.

No. 28313.　March 4, 1941.

Rehearing Denied June 24, 1941.

*115 P. 2d 132.*

J. G. Clift, of Duncan, for plaintiff in error.

Abernathy, Howell & Abernathy, of Shawnee, and Paul D. Sullivan, of Duncan, for defendant in error.

James G. Martin and Justus H. Fugate, both of Wichita, Kan., Myron S. Steere, of Pratt, Kan., James S. Twyford, Solon W. Smith, and William J. Crowe, all of Oklahoma City, Meacham, Meacham, & Meacham, of Clinton, and Smith Hester, L. T. Cook, and Geo. Bingaman, all of Purcell, amici curiae.

RILEY, J. Johnston, owner of paving bonds, secured below a writ of mandamus to compel the board of education of the city of Duncan to include in its estimate for the fiscal years 1937, 1938, and 1939 tax levies to pay delinquent installments and interest on paving bonds for the fiscal years 1924, 1925, and 1926.

The improvement bonds were issued in the year 1922 (art. 12, chap. 29, C.O.S. 1921). They were payable in ten equal, annual installments, and assessments were made against the school property within the provision of section 4593, C. O.S. 1921, but no estimate or tax levy was made and approved; at any rate the assessments against the school property for the years 1924, 1925, and 1926 were not paid. As a result there was a deficiency in the fund with which to pay the bonds when they matured.

The record is not clear whether the first installment became due in 1922 or 1923, but in either event the bonds matured either in 1931 or 1932, and five years had elapsed thereafter before the present proceeding was commenced on

June 3, 1937. More than ten years had elapsed after failure to make estimates and tax levies for the years 1924, 1925, and 1926.

The return challenged the sufficiency of the allegations contained in the alternative writ issued below, and it effectively raised the issue of laches. Reaves v. Turner, 20 Okla. 492, 94 P. 543; Tiger v. Brown et al., 130 Okla. 83, 165 P. 124; Fox v. Ziehme et al., 30 Okla. 673, 120 P. 285; Missouri, K. & T. Ry. Co. v. Wilcox, 32 Okla. 51, 121 P. 656; Ostran v. Bond et al., 69 Okla. 310, 172 P. 447; Delzell v. Couch, 70 Okla. 124, 173 P. 361.

Duke v. Turner, 204 U. S. 623, 51 L. Ed. 652, 27 S. Ct. 316. In that cause, the Supreme Court of the United States referred to the Ohio statute, the construction of it as made in Chinn v. Trustees, 32 Ohio St. 236, and further said:

"This language is no less applicable to the Oklahoma Code. The proceeding in mandamus is not a civil action and therefore not within the terms of the statute of limitations."

It has many times been held by our court that mandamus is a special proceeding. Reisinger v. Hurst, 163 Okla. 92, 20 P. 2d 1040; Bath v. Dumas, 108 Okla. 260, 236 P. 1; Feuquay v. McAlister, 102 Okla. 164, 228 P. 487. But see The Homesteaders v. McCombs, 24 Okla. 201, 103 P. 691. See, also, Robertson v. Bozarth, 87 Okla. 102, 209 P. 742, and Carter v. Collins, 174 Okla. 4, 50 P. 2d 203.

The Supreme Court of the United States, in United States v. Lane, 249 U. S. 367, 63 L. Ed. 650, 39 S. Ct. 293, used these words:

"Mandamus is classed as a legal remedy. . . . It is an extraordinary remedy which will not be allowed in cases of doubtful right . . . and it is generally regarded as not embraced within the statutes of limitations applicable to ordinary actions, but as subject to the equitable doctrine of laches."

It is, as we have held, a discretionary writ and it lies to compel only performance of a plain legal duty. Marland v. Hoffman, 184 Okla. 591, 89 P. 2d 287. The statutes of limitations may be made the gauge of stale claims and govern applicability of laches. Carter v. Collins, supra; People v. Chapin, 104 N. Y. 96, 10 N. E. 141; 38 C. J. 832.

The issue now presented is, after the elapse of more than a decade from the time it was the duty of the board of education to make tax levies with which to pay the assessment, whether that duty is now clear enough to warrant issuance of the discretionary writ.

In Wenner, Treas., v. Board of Education, 25 Okla. 515, 106 P. 821, certain creditors had obtained judgment against a school district; they permitted the judgment to remain more than five years without action to enforce payment despite the fact that, under the law, execution could not issue at any time, as against the school district. It was held that mandamus was the remedy to compel tax levies to accumulate money with which to pay the judgment, but inasmuch as the judgment had become dormant by the lapse of time without the issuance of execution, mandamus, its equivalent in the particular instance, would not issue because of the same fault, measured by the same rule. Simpson et al. v. City of Kansas City et al., 52 Kan. 88, 34 P. 406.

The owner of public improvement bonds ought not be permitted to rest indefinitely secure with interest-bearing burdens upon a municipality, for that would be detrimental if not destructive to the ownership of property liable for the debt. Such a property owner, or prospective property owner, should be entitled to have liability of particular property determined and discharged from the lien of principal and interest and the burden of penalty as soon as practicable.

In the case at bar all real property taxpayers of the school district, by the judgment rendered, are compelled to

pay thrice the amount of the original cost had it been assessed in due course of law; whereas, without the tax levy being made, they could not have determined their just share of the expense of the improvement and paid it as could individual owners of property improved. Herein the equitable doctrine of laches applies.

While a lien coequal with that of taxes is created by statute, under the statute section 10957, O. S. 1931, 42 Okla. Stat. Ann. § 23, it may be extinguished by a mere lapse of time, and it is extinguished by the lapse of time within which under the provisions of civil procedure an action or the equivalent of a civil action can be brought to liquidate the obligation. McGrath v. Oklahoma City, 156 Okla. 34, 9 P. 2d 711; St. Louis County ex rel. Scott v. Marvin Planing Mill Co., 228 Mo. App. 1048, 58 S. W. 2d 769; City of Knoxville v. Gervin et al., 169 Tenn. 532, 89 S. W. 2d 348, 103 A. L. R. 877; Farwell v. San Jacinto & Pleasant Valley Irr. Dist., 49 Cal. App. 167, 192 P. 1034. Moreover, by section 6240, O. S. 1931, 11 Okla. Stat. Ann. § 107, an action to foreclose the delinquent lien may be commenced within twelve months.

Independent School Dist. No. 39 of Creek County et al. v. Exchange National Co., 164 Okla. 176, 23 P. 2d 210, was a civil action against the school district. It was therein held that the action could not be maintained, for the remedy was by mandamus. It was not therein held that the lien was perpetual. It was held subject to liquidation at any time, in the manner prescribed by law. The opinion expresses the view that:

". . . Our system for collection of taxes was never intended to operate" so as "to allow plaintiff (bondholder) to sit idly by for a period of 10 years without taking advantage of its right to enforce payment of these assessments, allowing them to bear 18 per cent. interest from and after the date on which they became due. . . ."

However, the rule in reference to the statute of limitations may be as applied to the payment of warrants, under the special fund theory. Greer County v. Clark & Courts, 12 Okla. 197, 70 P. 212; Barnes v. Turner, 14 Okla. 284, 78 P. 108, 10 L. R. A. (N. S.) 478, 2 Ann. Cas. 391; Sulphur v. State, 62 Okla. 312, 162 P. 744; Little et al. v. Emmett Irr. Dist., 45 Idaho, 485, 263 P. 40, 56 A. L. R. 822:

". . . have reached the ultimate of declaring that such limitations do not run against any warrant until the municipality has levied and collected the fund. . . ."

We are not herein dealing with the collection of warrants, and like Kansas we distinguish such cases from these involving bonds, which constitute general promises to pay upon a day certain, from whence delays may defeat payments under statutes of limitation or laches. Schoenhoeft v. Kearny County, 76 Kan. 883, 92 P. 1097, 16 L. R. A. (N. S.) 803, 14 Ann. Cas. 100.

Judgment reversed and cause remanded, with directions to dismiss the proceedings.

WELCH, C. J., CORN, V. C. J., and BAYLESS and ARNOLD, JJ., concur. HURST, J., concurs specially. OSBORN, GIBSON, and DAVISON, JJ., dissent.

---

HURST, J. (specially concurring). While I agree that the plaintiff's right to have the levies made is barred by laches, I am of the further opinion that there is no statute authorizing a school district to levy and collect a tax during one fiscal year to pay special assessments that should have been collected and paid during a prior fiscal year, and consequently, since there is no clear legal right or duty to do so, mandamus will not lie to compel it. Marland v. Hoffman, 184 Okla. 591, 89 P. 2d 287. I reach this conclusion by the application of the following well-settled principles of law:

1. Municipal levies to pay special improvement assessments are current expense, not sinking fund, levies and must come within the limit fixed by law for current expense purposes. Chicago, R. I. & P. Co. v. Henderson, 167 Okla. 302, 29 P. 2d 768; Lowden v. Excise Board, 182 Okla. 413, 77 P. 2d 1150.

2. The remedy of the holder of a special assessment bond to enforce his right against a municipality is by mandamus, timely brought to compel the making of the levy the year it is due, and a personal judgment cannot be rendered and enforced by three annual levies as judgments against municipalities are enforced. Independent School District v. Exchange National Company, 164 Okla. 176, 23 P. 2d 210; First National Bank v. Board of Education, 174 Okla. 164, 49 P. 2d 1077; City of Shawnee v. Exchange National Co., 185 Okla. 451, 94 P. 2d 250.

3. Except as restrained by the Constitution, the method and process of collecting paving assessments made against municipalities is statutory, as is the whole process of taxation, and the taxing officials must look to the statutes for such authority. Being purely a legislative function, the courts are without authority to do more than to carry out the will of the Legislature as expressed in valid statutes. Independent School District v. Exchange National Co., supra; Nelson v. Oklahoma City Ry. Co., 24 Okla. 617, 104 P. 42; City of Shawnee v. Exchange National Co., supra; 56 C. J. 634; 24 R. C. L. 592; 26 R. C. L. 27-30.

4. Even in the event of a deficit in a sinking fund to pay direct (contract) obligations of a municipality, in the absence of statute authorizing it, mandamus will not lie to compel a tax levy to make up such deficit, but the bondholder is limited to his right to sue and procure a judgment, to be followed by levies to pay judgment as the statutes provide. Excise Board v. Chicago, R. I. & P. Ry. Co., 168 Okla. 523, 34 P. 2d 268; Missouri, K. & T. Ry. Co. v. Goad, 117 Okla. 129, 245 P. 617; In re Gypsy Oil Co., 141 Okla. 291, 285 P. 67; Protest of Chicago, R. I. & P. Co., 156 Okla. 197, 10 P. 2d 398; Ralls County Court v. United States, 105 U. S. 733. To remedy the situation created by the enforcement of this rule, chapter 27, S. L. 1933, was enacted. See Le Flore County Excise Board v. St. Louis & S. F. Ry. Co., 185 Okla. 440, 93 P. 2d 1087.

5. The purchasers of bonds are charged with knowledge of the statutes under which the bonds are issued and are bound by the remedies given for their enforcement. Sutton v. Kalka, 141 Okla. 233, 285 P. 1; United States v. County Court of Macon County, 99 U. S. 582, 25 L. Ed. 551.

WELCH, C. J., concurs in these views.

———

ARNOLD, J. (specially dissenting on rehearing). I cannot agree with the conclusion reached by the majority of my associates in this case. If this were a suit at law for the enforcement of the statutory lien, and such suit could be maintained, the three-year statute of limitation provided by subdivision 2 of section 101, O. S. 1931, 12 Okla. St. Ann. § 95, would apply because such liability is a statutory liability. Even if the three-year statute were not applicable, the five-year statute, being subdivision 6 of section 101, O. S. 1931, 12 Okla. St. Ann. § 95, would be if this were a law action. However, this is a mandamus action and I agree that neither of the foregoing statutes of limitation is applicable. Under proper circumstances laches would be a complete defense to this action and either the three- or five-year statute would be a good yardstick with which to measure and determine the application of the rule of laches. In this case there was a duty to perform on the part of the public officers. This duty was not performed. If this duty had been performed, the funds required to pay the installments would have been available as they fell due. Likewise, there rested a duty upon the bondholder, after the due date of the bonds, to exercise reasonable diligence in requiring that said funds be made available. In this regard he is guilty of laches. The unpaid delinquent installments on these bonds are due and unpaid.

If a bondholder is guilty of laches by failure to diligently proceed to require payment and the school board, or anyone else materially concerned, is in-

jured, he would not ordinarily be permitted to recover. The school board was guilty of nonperformance of the statutory duty to make proper levies and the bondholder was guilty of laches. Under all the facts and circumstances, I can see no injury in this case resulting from laches except the item of interest provided by the judgment of the lower court. The facts in this case, as indicated above, do not justify the application of the equitable rule of laches to such an extreme extent as to prevent any recovery in this case. In my opinion, the judgment of the lower court should be permitted to stand, but without interest in any amount.