**BOARD OF ED. OF CITY OF CHICKA-SHA et al. v. CITY OF CHICKASHA ex rel. POOL.**

No. 31123.　Feb. 6, 1945.

*155 P. 2d 723.*

Bailey & Hammerly and Wm. W. Grigsby, County Atty., all of Chickasha, for plaintiffs in error.

Jeff H. Williams, of Chickasha, for defendant in error.

WELCH, J. This is a mandamus action brought by the plaintiff, H. C. Pool, bondholder, for himself and all others similarly situated. He sought by the remedy of mandamus to require the board of education to provide in its budget for the fiscal year 1942-43 for funds with which to pay the 1927 or 1928 installment of the paving assessments levied against the property of the board of education, together with the accrued penalty thereon, and to require said board of education to make provision in its budget for ensuing years for the funds with which to pay the remaining delinquent installments of the paving assessments on its property.

The facts involved here are almost identical with the facts in Wilson v. City of Hollis, 193 Okla. 241, 142 P. 2d 633. The situation of the parties and the respective rights and liabilities are identical, and without further discussion we hold that the rules of law promulgated and followed in that former decision are applicable and controlling here.

In that former decision we announced our conclusions in the following language:

"We hold that the Legislature provided, as it had a right to do, the amount that should be paid on public property and the manner in which it should be paid. We therefore hold under this act that the only amount that public property may be liable for is the proportionate amount assessable to it, which amount is payable in ten installments with interest at the rate of 7% per annum as of the date each installment is due, and that no delinquency that will carry with it additional interest or penalty can accrue against public property, and that the provisions relating to delinquencies and penalties were not intended to apply to municipalities."

And in a subsequent paragraph as follows:

"We therefore hold judgment may be rendered against the school district whose property has been assessed a portion of the cost of a public improvement for the principal of the unpaid annual installments, plus the interest due on each on the date of its maturity. This judgment may then be paid as other judgments are paid under section 28, art. 10, Const. of Oklahoma, and 62 O.S. 1941 § 431 et seq. To this extent Independent School Dist. v. Exchange Nat. Co. supra, First Nat. Bank v. Board of Education, 174 Okla. 164, 49 P. 2d 1077, and City of Shawnee v. Exchange Nat. Co. 185 Okla. 451, 94 P. 2d 250, are overruled."

Therefore, as was adjudged in the

Wilson Case, the judgment of the trial court here appealed from, which granted mandamus for the year involved, is hereby set aside and this cause is remanded to the trial court, with directions to take further proceedings in conformity with the views expressed herein.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.