**PROTEST OF CITIES SERVICE GAS CO. et al.**

No. 23405. Opinion Filed Feb. 28, 1933.

Hunt & Eagleton, for plaintiff in error.

Ernest F. Jenkins, Co. Atty., and Guy L. Horton Asst. Co. Atty., for defendant in error.

SWINDALL, J. The protestants have appealed from two of the judgments entered by the Court of Tax Review on their protest against the alleged illegal and excessive appropriations approved for the fiscal year beginning July 1, 1931, and ending June 30, 1932. The same question of law is involved in each ruling appealed from. The pertinent portions of the protest are:

"Ground of Protest I.

"1. County of Payne—General Fund:

| | Amount. | Mills. |
|---|---|---|
| Valuation | $355,418,329.00 | |
| Taxes levied | 123,975.01 | 3.5003 |
| Excessive levy | 20,584.32 | .5812 |

"It is alleged that the levy of 3.5003 mills for the general fund of Payne county is illegal, excessive, unnecessary and void to the extent of .5812 mill and to that extent should be set aside and said levy corrected for the following reasons, to wit:

"1. That the excise board, in making the levy for general fund purposes of Payne county deducted $12,958.19 as the amount of surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal years.

"2. That the financial statement of Payne county for the fiscal year ended June 30, 1931, shows a surplus of $13,922.88 from the year 1928-29 and prior years and a surplus of $1,956.37 from the years 1929-30. * * *"

With reference to protest No. 1. involving the general fund of Payne county and paragraphs 3 and 4, there was sufficient cash on hand on June 30, 1931, so that this is not a fictitious surplus if sustained. It is stipulated and agreed that the funds which were used in the supplemental appropriations complained of in these paragraphs of the protest were funds of previous fiscal years collected during the said current fiscal year or by audit found to have been on hand at the beginning of the current fiscal year, but not at that time set up and shown in the financial statement of the county as a predicate for the estimate for appropriations made for the fiscal year. The Court of Tax Review denied the protest and the protestants assign that the Court of Tax Review were in error: (1) In holding that a supplemental appropriation could be made in the fiscal year of 1930-31, from funds of previous fiscal years collected during the said fiscal year of 1930-31; (2) that the Court of Tax Review committed error in holding that a supplemental appropriation could be made from funds which by audit were found to have been on hand at the beginning of the current fiscal year, but which funds were not at that time set up and shown in the financial statement of the county as a predicate for the estimate and appropriations made for the fiscal year; (3) that the Court of Tax Review committed error in holding that Payne county had surplus funds on hand with which to make supplemental appropriations dated December 2, 1930, and with which to make supplemental apropriations dated February 24, 1931; and (4) that the Court of Tax Review committed error in holding that the supplemental appropriations dated December 2, 1930, and February 24, 1931, were proper and thus refusing to establish as legal surplus in the funds of said county the funds purported to have been thus appriated. Counsel for protestants in their brief consider all of the foregoing specifications of error under one proposition—that supplemental appropriations may be made only when there is an excess of income or revenue on hand from funds provided for such year.

It is not contended by the protestant that in making the supplemental appropriations, the excise board did not in all things comply with the provisions of section 12680, O. S. 1931. Neither is it contended that an emergency did not exist whereby it was necessary to make said supplemental appropriations. The limitation in section 26, art. 10, of the Constitution that:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness: in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment

for state and county purposes previous to the incurring of such indebtedness * * *"

—does not prohibit the excise board from making supplemental appropriations within the constitutional and statutory limits for current expenses. The words "income" and "revenue" provided for each year, in section 26, art. 10, of the Constitution, providing that no county, city, or town shall become indebted in any one year for a greater amount than its income without the assent of three-fifths of the voters, means income derived from any source and not that derived from taxation alone. Lamar Water & Electric Light Co. v. City of Lamar, 128 Mo. 188, 26 S. W. 1025, 32 L. R. A. 157. Supplemental appropriations are only authorized when the public welfare or the needs of the county, city, town, township, or school district require it. When an appropriation has been made for the performance of constitutional governmental functions and by reason of unforeseen conditions the appropriation so made is insufficient, it is the duty of the officers charged with the performance of those duties to apply to the tax officials for a supplemental appropriation for that purpose, and a supplemental appropriation therefor should be made, although it requires the transfer of funds from unexpended appropriations theretofore made for other purposes. In the event there are no funds from which such a supplemental appropriation may be made, the rule stated in Smartt, Sheriff, v. Board of County Commissioners of Craig County, 67 Okla. 141, 169 P. 1101, L. R. A. 1918C, 313, applies, subject to the limitations contained in section 9, art. 10, of the Constitution as to the maximum rate of ad valorem taxation. Protest of K. C.-S. Ry. Co., 157 Okla. 246, 11 P. (2d) 500. We held in Ryan, Co. Treas., v. Roach Drug Co., 113 Okla. 130, 239 P. 912, that:

"A municipality in rendering its financial statement to the excise board of its conditions for the previous fiscal year is allowed to deduct from its assets ten per cent. previously added to its estimate for delinquent taxes; however, all taxes thereafter collected including the ten per cent. deducted, or any portion thereof, if collected, must be reported, and if such collection be in excess of the liabilities incurred for the previous fiscal year or years, the same must be deducted from the estimate for the current year."

It does not appear from the record that the municipality in rendering its financial statement failed to report any and all surplus balance on hand at the end of the previous fiscal year. The accumulated surplus was appropriated during the fiscal year under emergency appropriations. We think

the decision of the Court of Tax Review is correct, and that the excise board in making the supplemental appropriations acted within the authority and followed the procedure provided in section 12680, O. S. 1931.

The judgment of the Court of Tax Review is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.