Application of LeFLORE COUNTY.

KANSAS CITY SOUTHERN RY. CO. et al. v. LE FLORE COUNTY.

No. 29599. July 16, 1940.

Rehearing Denied Sept. 10, 1940.

*105 P. 2d 240.*

Joseph R. Brown, of Fort Smith, Ark., and Cruce, Satterfield & Grigsby, of Oklahoma City, for plaintiffs in error.

Clyde Followell, County Attorney, of Poteau, and J. Berry King and George J. Fagin, both of Oklahoma City, for defendant in error.

DANNER, J. This is an appeal from a judgment of the district court of LeFlore county, in an action wherein LeFlore county sought the approval of funding bonds with which to liquidate certain outstanding and unpaid judgments against the county, under authority of sections 5932 to 5944, O. S. 1931, 62 Okla. St. Ann. §§ 391 to 403. After the application was filed the plaintiffs in error, who are large taxpayers in the county, filed remonstrances against the proposed issuance of the bonds, on the ground that in order to pay the bonds it would be necessary to collect taxes in excess of the 15 mills limitation imposed by section 9, article 10, of the Oklahoma Constitution. The trial court authorized issuance of the bonds, and the remonstrant taxpayers appeal.

It is stipulated that the judgments mentioned above are valid on their face and that the various items of indebtedness upon which the judgments were obtained were also valid. The deficit in the sinking fund from which the judgments should have been paid was caused by the failure to collect taxes on real and personal property, but not from any failure of the plaintiffs in error to pay taxes, they having kept their said taxes fully paid. It is further stipulated that the proposed funding bonds will not be paid out of the 15-mills levy limitation provided in section 9, article 10, supra, as amended in 1933, and that all claims upon which the judgments proposed to be funded were based were "incurred" and warrants issued thereon after the end of the fiscal year 1933-1934 (except in certain judgments which were excluded). The above constitutional provision was amended by referendum adopted August 15, 1933, said amendment having been proposed by Session Laws 1933, chapter 169, page 386. The various items of indebtedness resulting in the claims, which in turn resulted in the judgments, were created and incurred after the adoption and effective date of the amendment, and of course the judgments were likewise entered after the date of the amendment.

The taxpayers (plaintiffs in error) contend that insofar as a levy to pay taxes for present purposes into the sinking fund is concerned, section 9 of article 10, Oklahoma Constitution, as amended, limits the levy against their property to 15 mills for both general and sinking fund purposes. That section, as amended, reads:

"Except as herein otherwise provided, the total taxes for all purposes, on an ad valorem basis, shall not exceed, in any taxable year, fifteen (15) mills on the dollar, to be apportioned between county, city, town and school district, by the County Excise Board, until such time as the regular apportionment is otherwise provided by the Legislature.

"No ad valorem tax shall be levied for State Purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State Purposes; provided, however, any County of the State may make an additional ad valorem levy, not exceeding two (2) mills on the dollar valuation, on any property within the county, for separate schools for white and negro children, such aid or money raised therefor to be apportioned as provided by law; provided further, the annual ad valorem tax rate for school purposes may be increased, in any school district, by an amount not to exceed ten (10) mills on the dollar valuation, upon all property in the district, on condition that a majority of the qualified voters of such district voting at an election, vote for such increase, provided, however, that the Legislature shall by proper laws prescribe the manner and method of conducting said election, but until such legislative provision is made, said levy may be made and said election held as now provided by law; and provided further, that limitations on the levy of such additional 10 mill levy may be made hereafter by the Legislature.

"Provided, also, an additional levy may be made each year, in the State and in the various subdivisions thereof, on all personal and real property subject to ad valorem taxes, to reasonably take care of bonded and other valid indebt-

edness of the State and its various subdivisions existing at the time this amendment is adopted and becomes effective, but such necessary additional levy or assessment on such property to take care of such indebtedness existing and owing by the State and its subdivisions at such time shall in no event exceed levy or assessment for which such property would have been liable under the Constitution and laws of the State as same existed immediately prior to the adoption of this amendment. No provision hereof shall be construed to tax churches or schools."

The plaintiffs in error point out that the section provides that the "total" taxes, "for all purposes," on an ad valorem basis, shall not exceed 15 mills. They argue that "total taxes" and "for all purposes" mean and include taxes for the creation and replenishment of sinking funds as well as general funds. Those phrases, standing alone and unfettered by any preceding exception, and unaffected by any other provision of the Constitution, might admit of no other construction. But we do have said preceding exception, and we do have other provisions of the Constitution relating to taxes for sinking funds and to taxes for other purposes which have time and again been construed as being without the limitation of section 9, article 10, both before and since the amendment.

The section begins with the words "Except as herein otherwise provided." The plaintiffs in error construe the word "herein" as meaning only said section 9, and point out that the only exception in the section relating to bonded and other valid indebtedness limits said additional levy to indebtedness existing at the time of the adoption of the amendment, which this indebtedness was not. They therefore conclude that the section prohibits the levy.

Their error is not so much in their conclusion as it is in their premise. The word "herein" in the phrase "Except as herein otherwise provided," as used in the section, does not mean just section 9, article 10, and is not restricted to that section. It also refers to sections 26, 27, and 28 of article 10, Constitution. Kirk v. School Dist., 108 Okla. 81, 234 P. 596; Adams v. City of Hobart, 166 Okla. 267, 27 P. 2d 595. The former case was decided before the amendment, the latter afterward. And in the Adams Case we held that the above-quoted excepting phrase had the same meaning after the amendment as it did before (see 27 P. 2d 599). The question has been fully treated in the Kirk and Adams Cases, supra, and quotation therefrom is unnecessary. See, also, Lowden et al. v. Excise Board of Jefferson County, 182 Okla. 413, 77 P. 2d 1150.

We are now at the place where section 28 of article 10, Oklahoma Constitution, is to be taken as within the exception contained in section 9 of that article. Kirk v. School District, supra. Section 28 is:

"Counties, townships, school districts, cities, and towns shall levy sufficient *additional* revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payment of such parts of judgments as such municipality may, by law, be required to pay."

Since said section 28 is within the exceptions permitted by section 9, and inasmuch as it places a duty on the county to levy sufficient *"additional"* revenue to create a sinking fund for purposes inclusive of the purpose herein involved, it appears that the argument of plaintiffs in error cannot be given approval. Any other ruling would run contrary to the reasoning in our three decisions cited above.

Accordingly, the judgment should be affirmed, and it is so ordered.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. CORN, J., absent.